RARA AVIS GOLD & SILVER MINING COMPANY V.
BOUSCHER.

| 9 | 385 |
| 16a | 346 |
| 9 | 385 |
| 20a | 331 |
| 9 | 385 |
| f38 | 320 |

1. An instruction which is not based upon facts in evidence, nor upon the pleadings, may be ground for reversal.
2. Services rendered in planning and superintending development work upon mines, and the erection of a mill and machinery, are work and labor within the meaning of the mechanic's lien statute. But not so as to labor as disbursing agent and accountant.
3. The "incidental" labor for which liens are allowed under the statutes must be directly done for and connected with, or actually incorporated into, the building or improvement.

*Appeal from District Court of Gilpin County.*

PLAINTIFF Bouscher brought his suit in the court below to recover upon the *quantum meruit* for services rendered to the defendant company. He also prayed a lien, under the mechanic's lien law, upon the property described. Plaintiff's services consisted of work as foreman, superintendent and mechanic upon certain mines belonging to defendant; also of labor as defendant's agent in disbursing its money, and in keeping its accounts. Defendant, in its answer, after pleading the proper denials, sets up a contract with plaintiff which provided for a specific monthly salary, and avers that the same was fully paid. Defendant also demands a judgment against plaintiff for his misappropriation of certain of its moneys, and for injuries suffered through his negligent and unskilful development of its mines, and his negligent and wasteful disbursement of its funds.

The trial resulted in a verdict and judgment in plaintiff's favor for the sum of $2,404.67. A lien for the entire judgment was also decreed. From this decree and judgment the present appeal was taken.

The instruction referred to in the opinion is as follows: "No. 2. The court instructs the jury that if you find from the evidence that the value and amount of ore in

sight, or on the dump, did not realize the amount reported by Bouscher as being in sight and on the dump, and you find that Bouscher's report was made to the company in good faith, or that Bouscher was mistaken, or that the report was sent to the company for the purpose of selling stock, and the company were not deceived thereby, or that the report was ratified by the members of the company, directors, or some of them, with agents appointed for the purpose, or the company, after such report was submitted, examined the mine, and the subject-matter of such report, and did not object to it, but went on, and expended the company's money, under Bouscher's direction, then you must not find any damages for the company, no matter what such report contained."

The mechanic's lien law in force at the time of the transaction is entitled "An act to secure liens to mechanics and others." Section 4 reads: "All miners, laborers, and others who work or labor to the amount of $25 or more, in or upon any mine, lode or deposit, * * * shall have, and may each respectively claim and hold, a lien. * * *" Section 1 thereof also reads: "All artisans, mechanics, and others who shall perform work or labor * * * for the construction or repair of any building, or other superstructure, shall have, and may claim and hold, a lien. * * *"

Mr. Alvin Marsh, for appellant.

Messrs. H. M. Orahood and J. E. Rockwell, for appellee.

Helm, J. There is nothing in the pleadings or evidence that calls for the second instruction given on behalf of plaintiff below, or for any instruction whatever upon the subject-matter therein contained. The damages which defendant sought to recoup were — *First*, $1,045.23 of its funds, alleged to have been wrongfully appropriated by

plaintiff to his own use; and, *second*, such a sum as would compensate the injuries occasioned by plaintiff's negligent and unskilful working of the property, and his negligent and wasteful use of defendant's money. No controversy exists in the case as to the accuracy or good faith of plaintiff's report touching the amount or value of ore visible in the mine and on the dump, nor is there a claim for damages in any way arising out of this report. The jury were probably misled by the instruction in question, and the judgment must be reversed.

Other serious, perhaps fatal, objections are urged under the assignment of error relating to this part of the charge; but, in view of the foregoing conclusion, it is wholly unnecessary to discuss them. As the cause will be remanded for a new trial, however, we feel bound to consider a further question which has received careful attention in the arguments filed. Plaintiff's services in planning and superintending development work upon the mines, and in planning and supervising the erection of the mill and machinery, are work and labor in or upon the property, within the meaning of the statute. Such services are similar to those performed by the architect who draws the plans, and personally superintends the construction of a building. The latter is, under statutes containing the words "any person," or the equivalent expression "and others," performing labor, etc., uniformly allowed a lien. Kneel. Mech. Liens, § 13*a*; Phil. Mech. Liens, § 158.

But, besides the foregoing services, plaintiff demanded, and the court recognized, a statutory lien for labor as disbursing agent and accountant. Statutes of the kind under consideration are to be construed liberally in favor of the classes sought to be protected thereby. But it would be palpable judicial legislation for courts to extend their provisions so as to include demands not fairly covered by the language used. *Barnard v. McKenzie*, 4 Colo. 251; *Edgar v. Salisbury*, 17 Mo. 271. Hence, while liens

are allowed for many kinds of labor that the authorities term "incidental," such incidental labor must be directly done for, and connected with, or actually incorporated into, the building or improvement. It will not do to extend the protection given to services indirectly and remotely associated with the construction work. The cook who prepares food for the employees, the blacksmith who shoes the horses or repairs the implements in use, and all similar contributors to the enterprise, are not among the favored workmen. See *McCormick v. Los Angeles*, 40 Cal. 185. The keeping of defendant's books, and disbursement of its funds, were matters of great importance; but we cannot declare such services within the purview of the statute.

Plaintiff, if entitled to recover at all upon the *quantum meruit*, might properly have his judgment and lien for *part* of the services rendered. Their value, in such case, can be proved independently of the objectionable claims above mentioned. But since the judgment was given, and the lien allowed for his improper as well as his proper claims, the decree could, in no event, be permitted to stand.

The judgment is reversed, and the cause remanded for further proceedings.

*Reversed.*