[No. 1992.]

LINDEMANN v. THE BELDEN CONSOLIDATED MINING AND MILLING COMPANY.

1. MECHANICS' LIENS.

The right to a mechanic's lien has no existence except by statute, and cannot be restricted or extended by the acts of contracting parties.

2. MECHANICS' LIENS—STATUTORY CONSTRUCTION.

A mechanics' lien statute should be liberally construed as to the remedial portion of it, but it must be strictly construed in determining the question as to whether or not the right to a lien exists.

3. MECHANICS' LIENS—WHO MAY ACQUIRE.

Only those persons to whom the statute plainly or expressly gives the right to a lien, can acquire it.

4. MECHANICS' LIENS—PLEADING.

In an action to enforce a mechanic's lien, it must be pleaded and affirmatively shown that the labor performed was for one or more of the purposes specified in the statute, in order that it may be made the foundation of a lien.

5. MECHANICS' LIENS—OBJECT OF STATUTES.

The object and purpose of mechanics' lien statutes is to secure to the mechanic and material man who by their labor and material have directly contributed to enhance the value of property, the security of a lien thereon, to the extent they have thus added to its value, and their protection is not extended to services indirectly and remotely associated with the construction work.

6. MECHANICS' LIENS—MINES AND MINING—EXPERT WORK.

The mechanics' lien act gives a right to a lien upon mining property, only to those who do work or furnish material for the working, preservation or development of the property, or who do work or furnish material upon a shaft, tunnel, incline, adit, drift or drainage of a mine, lode or deposit. A professional mining expert and geologist is not entitled to a mechanic's lien on a mine for work done in exploring, examining and considering a mine with reference to its mineral character and capacity to produce valuable and precious metals, and with reference to the quantity of ore in such mine and its value, and for making a report thereon, done under a contract with the owner.

*Appeal from the District Court of Arapahoe County.*

Mr. F. A. WILLIAMS, for appellant.

Mr. JOHN A. EWING and Mr. OSCAR REUTER, for appellee.

WILSON, P. J.

This was a suit to foreclose a mechanic's lien upon certain mining property known as the Belden Group of mines, situate in Eagle county. The complaint alleges that about November 18, 1895, A. A. McDonald, being then the owner of said mining property, "entered into an agreement with plaintiff in and by which agreement, the plaintiff being by profession and occupation a geologist and mining expert, agreed to explore, examine and consider said mines carefully and minutely with reference to their mineral character and their capacity to produce valuable and precious metals, and with reference to the quantity of ore in said mines, and their value and capacity as mining claims, and with reference to the mineral and geological character of said mines and the surrounding country, and to make report thereof to said A. A. McDonald in accordance with the judgment of the plaintiff, in consideration whereof, said defendant A. A. McDonald promised and agreed to pay to the plaintiff for said professional services upon a contemplated sale and con-

veyance of said property by said defendant A. A. McDonald, the sum of twenty thousand dollars ($20,000).

" That in pursuance of said agreement the plaintiff went upon said premises and carefully explored, examined and considered the same as provided for in said contract, and upon request of said defendant A. A. McDonald, made a report in writing therein embodying the judgment and conclusions of plaintiff with regard to the aforesaid matters, said report being completed and delivered on or about the 12th day of December, A. D. 1895, and thereafter at the request of said defendant A. A. McDonald, the plaintiff continued said services and made a further report on said property, said further report being completed, signed and delivered to said defendant A. A. McDonald on or about the 9th day of January, A. D. 1896, and that plaintiff has in all respects complied with and fully performed said contract."

It further appears from the complaint that soon after December 13, 1895, McDonald sold and conveyed said mining claims to the defendant, The Belden Consolidated Mining and Milling Company, and that soon thereafter, plaintiff filed his statement and claim of lien, for the said sum of $20,000, less $600, which McDonald had paid. McDonald was joined in the suit as a party defendant, and against him a personal judgment was rendered for the full sum claimed, but with this we have no concern. Judgment was in favor of this defendant on demurrer, and from this the plaintiff appealed.

The case turns upon the construction of section 1 of the mechanics' lien act of 1893, and section 8 of the same act as amended in 1895. That portion of section 1 which is necessary to be considered reads as follows : " Mechanics, material men, contractors, subcontractors, builders, and all persons of every class performing labor upon or furnishing materials to be used in the construction, alteration, addition to, or repair, either in whole or in part, of any building, bridge, ditch, flume, aqueduct, tunnel, fence, railroad, wagon road or other struc-

ture or improvement, upon land, and also architects, engineers
and artisans who have furnished designs, plans, plats, maps,
specifications, drawings, estimates of cost, surveys or super-
intendence, or who have rendered other professional services,
or bestowed labor in whole or in part, describing or illustrat-
ing or superintending such structure, or work done or to be
done, or any part connected therewith, shall have a lien upon
the property upon which they have rendered service or be-
stowed labor or furnished materials for the value of such ser-
vice rendered or labor done or materials furnished, whether
at the instance of the owner, or of any other person acting
by his authority or under him, as agent, contractor, or other-
wise ; for the work or labor done or service rendered, or
materials furnished, by each respectively, whether done or
furnished or rendered at the instance of the owner of the build-
ing or other improvement, or his agent." 3 Mills' Ann. Stats.
sec. 2867 ; Laws, 1893, p. 315. The portion of section 8 ma-
terial to be considered is as follows : " The provisions of this
act shall apply to all persons who shall do work or shall furnish
material for the working, preservation, or development of any
mine, lode or mining claim, or deposit yielding metals or min-
erals of any kind, or for the working, preservation or devel-
opment of any such mine, lode or deposit, in search of such
metals or minerals ; and to all persons who shall do work or
furnish materials upon any shaft, tunnel, incline, adit, drift
or draining of any such mine, lode or deposit." Laws, 1895,
p. 202. The material and only question to be determined is
whether under the allegations of the complaint the plaintiff
was entitled to assert or have a lien. At the outset it is well
to bear in mind certain fundamental principles with reference
to mechanics' liens and lien statutes, universally recognized
and specifically approved in this jurisdiction by repeated de-
cisions of both appellate courts.

The right to a mechanic's lien has no existence except by
statute, and cannot be restricted or extended by the acts of
contracting parties. *Florman v. School District,* 6 Colo. App.
319 ; *Johnston v. Bennett,* 6 Colo. 362.

A mechanics' lien statute should be liberally construed as to the remedial portion of it, but it must be strictly construed in determining the question as to whether the right to a lien exists. Where the inquiry is whether a person asserting a lien or the work for which he claims it, comes within the statutes, or whether the statutory requirements necessary to initiate the lien have been complied with, the statute must be strictly construed. *Hardware Co. v. McCarty*, 10 Colo. App. 200.

Only those persons to whom the statute plainly or expressly gives the right to a lien, can acquire it. *Sayre-Newton Lumber Co. v. Union Bank*, 6 Colo. App. 541.

In an action to enforce a mechanic's lien, it must be pleaded and affirmatively shown that the labor performed was for one or more of the purposes specified in the statute, in order that it may be made the foundation of a lien. *Arkansas, etc., Co. v. Nelson*, 4 Colo. App. 438; *Arkansas, etc., Co. v. Flinn*, 3 Colo. App. 381.

The leading idea of mechanics' lien statutes, the basic principle upon which they are founded, the object which they seek to subserve, and to which all their provisions tend, is to secure the mechanic and material man upon values they have directly contributed to create, —to give to such, who by their labor and material have enhanced the value of property, the security of a lien thereon, to the extent they have thus added to its value. *Barnard v. McKenzie*, 4 Colo. 253; Boisot on Mechanics' Liens, § 7; Phillips on Mechanics' Liens, §§ 9–13. In speaking of such statutes, the supreme court of this state has said, " But it would be palpable judicial legislation for courts to extend their provisions so as to include demands not fairly covered by the lauguage used. * * * It will not do to extend the protection given to services indirectly and remotely associated with the contsruction work." *R. A. G. & S. M. Co. v. Bouscher*, 9 Colo. 387. It is obvious that section 8, which we have quoted, and under the provisions of which alone the plaintiff could acquire a lien, if at all, is much more qualfied and restricted in its language than sec-

tion 1 of the act.   By its terms, a right to a lien upon mining property was given only to those who should do work or furnish material for the working, preservation, or development of the property, or who should do work or furnish materials upon any shaft, tunnel, incline, adit, drift or draining of a mine, lode or deposit.   There is no mention of architects, engineers and artisans, or of any professional service at all, as is the case in section 1.   If, therefore, under its terms, any one could acquire a lien for professional services, it must be clearly of that character of service which could be properly denominated work actually done for the working, preservation or development of the property.

Applying these principles to the conceded facts, the allegations of the complaint, and the statutes upon which the claim of lien is based, it is clearly manifest that the case here made does not come within the statute.   It is not embraced in its terms, nor in its reason or spirit.   If there were the slightest doubt of this,—and we cannot conceive that there is,—it would be entirely removed by an examination of the allegations in the complaint itself.   Plaintiff's own statement as to the character of the work done, and the object and purpose for which it was done, is sufficient to conclusively demonstrate that he has no right under the statute to claim a lien. According to this, the plaintiff was a geologist and mining expert, and as such, the service which he performed under agreement with McDonald, then the owner of the property, was to explore, examine and consider said mines carefully and minutely, with reference to their mineral character, and their capacity to produce valuable and precious metals, and with reference to the quantity of ore in said mines, and their value and capacity as mining claims; and with reference to the mineral and geological character of the mines, and of the surrounding country, and make report to McDonald.   There is no suggestion here that any of this work was or could have been for the working, preservation or development of the mining property.   In fact, the contrary clearly appears.   We think there could be no other construction of the allegations

of the complaint, than that the services and report were not made with any view to the development, preservation or working of the mine, and could not have been used for that purpose; but that they were made only for the use of McDonald in attempting to make a sale of the property. McDonald, with whom plaintiff made the contract, had no intention of working, preserving, or developing the property at the time of this contract, because he was then contemplating a sale. The fact that plaintiff was to receive nothing for any of these services unless the contemplated sale was made, shows conclusively that neither he nor McDonald considered the report of any value to McDonald except for use in bringing about a sale. The services rendered did not enter into any improvement upon, working or development of the property, either presently or prospectively.

Aside from all this, let us look at the effect of construing the statute as contended for by plaintiff,—and this is always permissible in statutory construction in order to ascertain the legislative intent, where it is doubtful. If the contention of plaintiff should be upheld, the business of buying and selling mines, which is so extensive and a source of such wealth in this, a mining state, would become indeed perilous,—in fact, it is not going too far to say that it would be utterly destroyed. In the case of buying a lot upon which stands some building, there is some physical object to direct the attention of the purchaser to the necessity of making inquiry, and the same is true of a mine if some actual work tending to its development or operation has been done upon it, such as the construction of a tunnel, drift, shaft, adit, tram, or other visible physical improvement. If the building shows evidences of having been recently constructed, or the work recently done, the cautious buyer will make some investigation to see if it is liable or subject to a lien. If, however, it should be held that a mining expert or geologist could have a lien upon property as against an innocent purchaser for making an examination of, and written report upon a property, where could the buyer have protection? There is

nothing upon the records to show that any such lien is claimed, and there is nothing upon the ground, nor about it, nor about the workings of the property, to indicate that any such work has ever been done.

The judgment will be affirmed.

*Affirmed.*