[No. 2460.]

## PITSCHKE v. POPE.

1. **Mechanics' Liens—Statutory Construction.**

Where a mechanic's lien has been lawfully acquired, the statute will be liberally construed for the purpose of its enforcement, but persons claiming the benefit of the mechanics' liens statute must bring themselves clearly · within its purview as belonging to some class in whose favor the remedy is allowed.

2. **Mechanics' Liens—Superintendence of Work.**

The superintendence of the construction of a building is work for .which the mechanics' liens statute gives a lien, but going to distant places to hurry up the parties who had contracted to furnish material for the building was not superintending the work of construction, nor is it embraced in any of the classes of service for which a lien is given by the statute.

3. **Mechanics' Liens.**

A mechanic's lien will not be enforced for a claim where part of the work for which the lien is sought was not such work as is entitled to a lien under the statute, and the evidence fails to show how much of the claim is for work which would entitle the claimant to a lien and how much is for work which would not.

*Appeal from the District Court of Pueblo County.*

Mr. ARTHUR C. PATTEE, for appellant.

Mr. CHAS. E. GAST, for appellee.

THOMSON, P. J.

This suit was brought to enforce a mechanic's lien. It is alleged in the complaint that the appellee, Albert A. Pope, entered into a contract with The Phœnix Construction Company for the erection of a business block in the city of Pueblo, in consideration of a certain sum to be paid by Pope to the company; that the company employed the plaintiff to superintend the work of the construction of the building; that for his services in that regard the company became indebted to him in the sum named, only part of which was paid; and that for the balance he duly made and filed his statement of lien on the property.

The plaintiff testified that he was employed at the agreed price of $4.00 per day; that his employment continued one hundred and one days; that he was not present at the building all of this time; that when not in Pueblo, he was in Denver and Colorado Springs on business trips to hurry up material for the building; that the iron work had been sublet by the company to a concern in Denver, which had turned over a portion of its contract to a concern in Colorado Springs; that his time in Denver and Colorado Springs was employed in "running around and punching up the people who had contracted to furnish the material"; and that he was unable to say how much of his time was spent in that way. From other testimony, however, it appeared that he was engaged upon the building only a comparatively small portion of the whole time. Judgment was given him against The Phœnix Construction Company for the unpaid balance of his wages; but his claim to a lien was disallowed, and he appealed.

The act of April 12, 1899, under which this proceeding was instituted, provided for liens in favor of the following classes of persons: mechanics, mate-

rial-men, contractors, subcontractors, builders, persons of every class performing labor upon, or furnishing materials to be used in, the construction, etc., of any building, etc., engineers, draughtsmen, and artisans furnishing designs, plans, plats, maps, specifications, drawings, estimates of cost, surveys or superintendence, or rendering other professional or skilled service, or bestowing labor, in whole or in part, describing or illustrating, or superintending the structure.—Session Laws 1899, p. 261, 3 Mills' Ann. Stats. (Revised Supplement), p. 769.

The right to a mechanic's lien owes its existence solely to statute; it was unknown to the common law, and, although when a lien has been lawfully acquired, for the purposes of its enforcement the statute will be liberally construed, yet, since the object of the law is, *in invitum,* to charge the property of one with a liability for the debt of another, persons claiming its benefit must bring themselves clearly within its purview, as belonging to some class in whose favor the remedy is allowed. Outside of the terms of the statute, no lien can attach.—*Greeley, &c., R. Co. v. Harris,* 12 Colo. 226; *Hardware Co. v. McCarty,* 10 Colo. App. 200. As superintendent of construction, the plaintiff was undoubtedly entitled to a lien. Superintendence of the structure is work, a lien for which the statute expressly provides. As superintendent, the plaintiff had charge of the work of construction, with power to direct the workmen. *Vide* Webster. It belonged to his employer, the principal contractor, to supply the material and the labor. The plaintiff's duties began and ended with seeing that the labor was properly applied to the material. With the procuring of either he had nothing to do. Going to distant places and "running around, punching up the people who had contracted to furnish the material," was not superintending the work of construc-

tion.  Neither is it embraced in any of the classes of
services enumerated in the statute as entitling per-
sons performing them to liens.  See *Mining Com-
pany v. Bouscher*, 9 Colo. 385.

· The only work alleged in the complaint to have
been performed by the plaintiff was that of superin-
tendence.  It was therefore incumbent upon him to
show what amount he earned as superintendent.  But
he confessed himself unable to say how much of the
time for which he charged was spent in one way, and
how much in another.  Upon his testimony, his work
as superintendent can not be separated from his other
work.  He has furnished no facts upon which a claim
to a lien might be allowed.

The judgment will be affirmed.

*Affirmed.*