No. 14,903.

HUDDLESTON v. INGERSOLL COMPANY.
(123 P. [2d] 1016)

Decided February 9, 1942. Rehearing denied March 9, 1942.

Mr. JOE E. GOBIN, Mr. E. E. PIERSON, for plaintiff in error.

Messrs. LANGDON & BARBRICK, for defendant in error.

*In Department.*

MR. JUSTICE BOCK delivered the opinion of the court.

THIS is an action instituted by Robert M. Huddleston, a farm laborer, plaintiff in error, against The Ingersoll Company, a corporation, defendant in error, to recover damages for the loss of his right hand, while operating a mechanical corn husker, due, as it is alleged, to the negligence of the employer. The negligence upon which plaintiff relies, as set forth in his amended complaint, is: "That on or about December 12, 1937, and for a long period of time immediately prior thereto, and while the said mechanical corn husker was being used in the regular course of its business, this defendant carelessly, negligently and knowingly caused and permitted said mechanical corn husker to be so used and operated by its

employees on its said farm without the operator's seat and without a guard, or protection of any kind, over the said husking rolls on said machine; that the defendant on said day, well knowing the danger to its employees who were operating its said mechanical corn husker, without the seat for the operator and without a guard over the said husking rolls, carelessly, negligently, knowingly and with a wanton disregard of the rights of its employees, and particularly the rights of this plaintiff, failed to place and maintain any seat, guard or any other safety appliance, or protection of any kind whatsoever, over the sharp and swiftly revolving husking rolls of the said cornhusking machine while in such use; that in the morning of said day in the absence of one Jim Ford, who was defendant's regular operator of its said mechanical corn husker, the plaintiff herein, being unaware of the danger existing by reason of the unguarded husking rolls, and with but a few hours previous experience in the operation and control of said mechanical corn husker, did take over temporarily its operation in the regular course of his employment as had been the usual custom for him to do several times on like (previous) occasions when Jim Ford, the operator, arrived in the field, late; that while plaintiff was trying to operate and control the said mechanical corn husker to the best of his ability and in a careful and prudent manner and without any fault on his part and while attempting to regulate the movement of unhusked corn from the snapping rolls to the said husking rolls, his right hand was then and there caught by and drawn into the said sharp and swiftly revolving husking rolls of said machine, and by reason thereof his said right hand was broken, cut, torn, ground, mutilated and crushed by said sharp and swiftly revolving husking rolls so badly and so severely that it had to be and was amputated immediately above the right wrist joint."

The case was tried to a jury and, after plaintiff rested his case, defendant interposed a motion for nonsuit. The

court granted the motion and concurrently therewith entered judgment dismissing the complaint. To review this judgment plaintiff brings the case here by writ of error. Briefly, the grounds upon which the motion was based are: 1. No negligence was shown on the part of defendant. 2. Plaintiff's evidence shows contributory negligence. 3. Plaintiff duly signed a binding release which relieved defendant of all liability by reason of the accident.

■ "A motion for a nonsuit admits the truth of plaintiff's evidence and every inference of fact that can legitimately be drawn therefrom, and the evidence must be interpreted most strongly against the defendant." *Rice v. Marlar*, 107 Colo. 57, 108 P. (2d) 868. The record does not disclose upon what ground or grounds the trial court granted the motion for nonsuit; nevertheless, if any of the grounds is sufficient the court's action and judgment should be sustained.

It appears from plaintiff's undisputed evidence that he was employed as a general farm hand by defendant company for about one year prior to December 12, 1937, the date of the accident. On that morning one Ford, who usually operated the corn husker, was late in arriving, and plaintiff, under strict orders to go to work at 8 o'clock a.m. and, if the foreman was absent, to do whatever was to be done until the latter arrived with other employees, started to operate the corn husking machine. Shortly thereafter the machine ran over a clod of earth and the resulting jolt caused plaintiff to slip in such a way that his right hand was caught in the husking rolls and so badly mangled and crushed that amputation at the wrist was necessary. He said, while testifying, "I didn't put my hand in those rolls, I fell in that machine." It appears that it was necessary in operating the corn husker to keep the unhusked corn in the elevator from clogging the machine. At the time of the accident the seat provided for the operator of the machine was missing, and the cover which guarded the

husking rolls in which plaintiff's hand was caught and crushed had been removed, leaving the rolls exposed. If this cover had been over the rolls at the time, plaintiff's hand could not have been drawn into them. He did not remove the seat and cover, and did not know who removed them. There being no seat, plaintiff, in operating the machine, had to stand on a small crossbar, from which he fell when the accident occurred. The failure of defendant company to provide a proper seat for the operator and a cover over the husking rolls, plaintiff contends, proximately caused the injury and constituted actionable negligence.

 Section 99, chapter 97, '35 C.S.A., provides, inter alia: "Whenever any agent, servant, or employee while in the performance of his duty for his employer, shall be injured * * * in the employer's service on account of the employer's negligence, or on account of any defect or peril connected with * * * machinery or instrumentalities used in the business of the employer, which could have been remedied or made more safe by the use of ordinary diligence, a recovery for such injury * * * may be had, and the fact that such employee had knowledge of the defect or peril, shall not be a bar to a recovery, unless the repairing or remedying of such defect or peril was his principal duty." There is here no contention that the repairing or remedying of defects or perils involved was plaintiff's principal duty. In our opinion there was a sufficient showing of negligence on the part of the employer, by the evidence introduced in behalf of plaintiff, to require a submission of the case to the jury.

The record discloses no evidence which, as a matter of law, would support the defense of contributory negligence. It may be that defendant could have introduced evidence which would support such a defense; that possibility, however, is one with which we are not now concerned. If plaintiff negligently placed his hand in the rolls to remove the clogging object, a different problem

might be presented, but his testimony is that he fell from the crossbar when the machine struck a clod of earth, by reason of which, and because the rolls were not covered, he was injured.

Just how dangerous it was for plaintiff to operate the machine under the circumstances presented is, in view of the evidence, a matter for determination by the jury, particularly in view of the fact that it had been operated in the same condition by Ford, the regular operator, for approximately three weeks prior to the time of the accident. Defendant company asserts that Ford used a stick instead of his hand in removing the clogging material from the rolls; but the positive evidence of plaintiff is that Ford never used a stick for that purpose. The contention of counsel for defendant that plaintiff's evidence sufficiently shows contributory negligence on his part to warrant the granting of the motion for nonsuit, is untenable.

As one of its defenses defendant pleaded a release of all claims for damages growing out of the accident, which was signed by plaintiff. Under logical procedure, subject to the discretion of the court, evidence on this issue should be received after plaintiff has rested. Plaintiff testified in part that before he executed the release the foreman, who is his brother-in-law, urged him to sign it because defendant "company had no compensation insurance" and would not, in law, be liable for damages, and that if he did not sign, he and others would lose their jobs. If these statements were made to deceive plaintiff, causing him to sign the release through mistake, fraud or duress, this may constitute a complete reply to the defense. Plaintiff lost his right hand, and the consideration for the purported release was the sum of $30. This small consideration may be sufficient to support such a release, but is not conclusive, and may be an indication that some such inducements as are above mentioned were held out to plaintiff to procure its execution. Without in any way attempting to decide

the merits of this defense, or to state all the facts material to overcome it, it is our opinion that there was sufficient evidence concerning it to present an issue of fact for determination by the jury. The court erred in granting the motion for nonsuit.

The judgment is reversed and the case remanded with directions to reinstate the amended complaint, and for further proceedings as provided by law.

MR. CHIEF JUSTICE YOUNG and MR. JUSTICE HILLIARD concur.

MR. JUSTICE BAKKE not participating.