No. 16,559.

NIERNBERG *v.* GAVIN.
(224 P. [2d] 215)

Decided October 30, 1950.

Mr. WALTER F. SCHERER, for plaintiffs in error.

Messrs. PERSHING, BOSWORTH, DICK & DAWSON, Mr. WINSTON S. HOWARD, Mr. ARTHUR K. UNDERWOOD, JR., for defendant in error.

*En Banc.*

MR. JUSTICE STONE delivered the opinion of the court.

THIS is an action for damages resulting from injuries suffered by six-year-old plaintiff Michael Niernberg on premises of defendant Gavin. The record discloses that at the time of the accident defendant was engaged in cleaning a fifty-gallon steel tar barrel. For that purpose he stood the barrel on its open end close to the rear line of a vacant lot owned by him, raised one side of the

barrel by use of pieces of wood so that it stood at an angle and built a fire under it for the purpose of melting the tar. Plaintiff Michael and two young companions, who had been playing in the adjacent alley, were attracted by the tar which was flowing from the barrel and busied themselves dipping sticks in it for the purpose of making torches. While so engaged Michael either stumbled or lost his balance and stuck his hand in the hot tar, causing the injuries here involved. The evidence is undisputed that defendant stood near the barrel, saw the children playing, and repeatedly ordered them to go away, and that he "kicked the fire out" before plaintiff's injury.

By stipulation, the case was tried to the court and, after plaintiffs had completed the presentation of their evidence, defendant moved for judgment on the ground that plaintiffs had failed to prove a claim. The motion was sustained and judgment of dismissal entered, to which error is here specified.

 It first is contended that the evidence established an attractive nuisance. In this we think counsel is mistaken. Among other reasons, as said in *King v. Simons Brick Co.*, 52 Cal. App. 586, 126 P. (2d) 627, "It is only in those cases where a dangerous trap on premises otherwise safe is concealed from view or when an *artificial* device attractive to children, is left exposed and upon premises accessible, open and unguarded that the owner is liable for damages resulting by reason of injuries to children who are attracted to the premises by such contrivances." See, also, *Anderson v. Reith-Riley Const. Co.*, 112 Ind. App. 170, 44 N.E. (2d) 184; *Schock v. Ringling Bros., etc.*, 5 Wash. (2d) 599, 105 P. (2d) 838. In the present case no trap or unguarded device is involved. However, this question appears to be academic, since the attractive-nuisance doctrine is only an exception to the general rule limiting the liability of landowners as to trespassers, and, as we have held in *Krause v. Watson Brothers Trans. Co.*, 119 Colo. 73, 200 P. (2d)

387, without recourse to that doctrine the owner of premises is liable for injuries resulting from active negligence to trespassers whose presence is known, or in the exercise of care ought to be known, and the landowner is required to use ordinary care to avoid injury to such trespassers.

In the record before us there is undisputed evidence of warning to the children and of attempt to protect them. Defendant was not the guarantor of the safety of the children, nor was he obligated, as inferred in plaintiffs' brief, to commit an assault upon them and forcibly keep them away from the tar. In view of the age of plaintiff Michael, and the evidence of warning, the most that can be said in behalf of plaintiff's case is that the evidence raised an issue of the exercise of reasonable care by defendant. Had the case been tried to a jury, that issue might have required submission to the jury. The trial being to the court, the ultimate determination of that question devolved upon the court.

As we understand the argument of counsel for plaintiffs, it is to the effect that the court can only grant a motion to dismiss at the close of plaintiffs' evidence when, as a matter of law, plaintiffs may not recover. Where trial is to a jury, that is true, as the jury must ultimately determine questions of fact; but, where the trial is to the court, it is not true, as the court then is the finder of fact, and if in its opinion plaintiff's own evidence does not preponderate in his favor, there is no requirement that defendant's evidence be received in order to ascertain whether or not he may do for plaintiff what the latter has not been able to do for himself. As was said by Mr. Justice Burke in *Peters v. Peters*, 73 Colo. 271, 215 Pac. 128, "The jurors being the sole triers of fact, plaintiff is entitled to go to them if he has any legal evidence. The court can not pass upon the weight thereof. But where the trial is to the court the Judge must eventually determine the facts, and if at the close of plaintiff's evidence his case has not been made out

by a preponderance thereof, no reason exists for requiring the production of any evidence on behalf of defendant." Particularly is this true in a law case.

Accordingly, the judgment is affirmed.

MR. CHIEF JUSTICE HILLIARD and MR. JUSTICE HAYS dissent.