No. 18,961.

HARRISON D. BLAIR *v.* WILLIAM P. BLAIR AND SECURITY
STATE BANK OF STERLING.
(357 P. [2d] 84)

Decided November 14, 1960. Rehearing denied December 12, 1960.

Mr. N. BOYD ECKER, Mr. LOUIS G. ISAACSON, for plaintiff in error.

Mr. FRED E. NEEF, Mr. ROBERT SWANSON, Mr. RENDLE MYER, for defendant in error William P. Blair.

Messrs. KREAGER & SUBLETT, for defendant in error Security State Bank of Sterling.

*En Banc.*

MR. JUSTICE MOORE delivered the opinion of the Court.

THIS matter is before the Court on writ of error to review the action of the trial court in dismissing the plaintiff's second claim for relief under Rule 41 (b) (1) of the Colorado Rules of Civil Procedure. It further seeks to review the action of the trial court in granting summary judgment in favor of the defendants and against the plaintiff on the third claim for relief.

The parties appear here in the same order they appeared in the trial court, where plaintiff in error Harrison D. Blair, was plaintiff, and defendants in error William P. Blair and The Security State Bank of Sterling were defendants.

The action was begun in the district court of Logan County by plaintiff, setting forth five claims for relief. Three of these claims are not in issue here; the plaintiff seeks review of an adverse judgment on the second and third claims for relief only.

The plaintiff, Harrison D. Blair, and the defendant, William P. Blair, are the sons and only children of Frank H. Blair, now deceased. The father, during his lifetime and prior to August 26, 1946, maintained a substantial checking account in the Security State Bank of Sterling. On about August 26, 1946, he caused this checking account to be changed so as to place it in the name of "Frank H. Blair or William P. Blair either or the survivor." Shortly before this change took place, William had retired from the Army and had come to Sterling to

be with his father, who was then seventy-six years of age, to help run the father's business.

The account remained in this state until Frank's death, except that in 1949, the bank changed from a typewritten to an addressograph system, and the title to the account thereafter read "Frank H. Blair or William P. Blair," because the full title would not go on the addressograph plate.

On November 16, 1951, the father executed a codicil to a will which he had made July 30, 1948. The codicil changed the distribution of specific items and gave William cattle and livestock which, under the will, would have been distributed equally between William and Harrison.

Harrison filed a caveat to the probate of this codicil, alleging, so far as is material here, that it was executed contrary to an alleged oral agreement by the father to leave his property equally to his two sons, and that although the account stood in the joint names of Frank and William it was agreed on July 30, 1948, that it would be divided equally between Harrison and William upon the death of Frank. He sought to impress a trust upon that account.

Later, the caveat was reduced to two objections: One, that the father was estopped from changing his will by reason of the agreement; and two, undue influence on the part of William. No mention was made of the joint bank account nor was the issue presented as to the rights of the parties therein.

Before the trial on the amended caveat, Harrison commenced this action in the district court directed to the recovery of one-half of the joint tenancy bank account.

The court granted the motion for summary judgment with respect to the third claim for relief, holding that the matter had been concluded in the estate proceedings in the county court in which that court had sustained the codicil as proper and within the authority of Frank to make.

On the second claim, the matter proceeded to trial as to whether the bank account was a joint account. After the plaintiff's evidence the court sustained a motion to dismiss under Rule 41 (b) (1) in favor of the defendant.

During the course of the trial plaintiff's Exhibits E, F, G, and H were offered and rejected. Exhibit E was a letter from a Mr. Barton to the deceased. Exhibit F was a typewritten copy of a letter addressed to Mr. Barton, containing no signature, in which it is stated:

"It will sure be fine to have him here to help me as of late I find I am not able to look after things as they should be cared for."

Exhibits G and H were letters without signature but which Harrison testified were sent to him by his father, referring to "my private bank account" (Exhibit G), and "my bank balance requires it." (Exhibit H.)

Plaintiff contends: first, that the court erred in dismissing the second claim under Rule 41 (b) (1) at the close of his case without requiring further testimony on the part of defendants; second, that the court erred in granting the motion for summary judgment on the ground that the issues raised by the third claim were determined by the finding and decree of the county court in the hearing on the amended caveat and that plaintiff was estopped thereby; third, that the court committed prejudicial error in rejecting plaintiff's Exhibits E, F, G and H.

### Questions to be Determined.

First. *Did the trial court commit error in dismissing plaintiff's second claim for relief at the close of his case without requiring defendants to present evidence?*

The answer to this question must be in the negative. Plaintiff contends that the testimony adduced in support of his claim created a prima facie case and established that the decedent's intention in adding defendant William P. Blair's signature was to authorize a signing power and not to create a joint tenancy survivorship account. The question before the trial court was not

whether plaintiff had made out a prima facie case, but whether a judgment in favor of the defendants was justified on plaintiff's evidence.

Rule 41 (b) (1) provides:

" * * * In an action tried by the court without a jury, the court, as trier of the facts, may then determine them and render judgment against the plaintiff or may decline to render any judgment until the close of all the evidence."

■ Here, the trial court weighed the evidence as presented by plaintiff and chose to apply Rule 41 (b) (1) and render judgment at the close of the plaintiff's case. The test is clearly whether the trial court, in weighing and considering plaintiff's evidence, is justified in finding for the defendant at that stage of the proceedings.

The issue here was: What was the intention of Frank Blair when he opened the bank account, and during the period the bank account was in existence before his death?

■ On that issue the trial court found that it was the intention of Frank Blair to establish a joint tenancy bank account with William P. Blair with the right of survivorship, and that the bank account was called to the attention of Frank Blair on several occasions and he had the opportunity to withdraw the money from the account if he saw fit. There was before the court sufficient evidence of the intention of Frank to establish the account in joint tenancy with his son William; and, having so found, we may not interfere.

Second. *Did the trial court err in refusing to receive Exhibits E, F, G and H in evidence?*

■ Exhibit E was a letter found in the file of Frank Blair, written by a Mr. Barton who was not present in court and was not a party to the action. It was clearly hearsay, and the court was correct in its ruling.

Exhibits F, G and H were typewritten documents containing no signatures of any kind. Exhibit F appears to be a copy of a letter addressed to Barton. No proper

foundation was laid for the introduction of this document; moreover, it had no relevancy to Frank's intent in establishing the bank account. It was properly rejected.

Exhibits G and H were unsigned typewritten letters which plaintiff states he received from his father, Frank. This was the sole foundation laid for their introduction and was not sufficient to render them admissible in evidence. Even if admissible, the statements therein referring to "my private bank account," and "my bank balance," were of such slight probative value on the issue of a joint tenancy in the bank account that the trial court was justified in rejecting them. We find no prejudicial error in their exclusion.

Third. *Did the court err in finding that the issues presented by the third claim were concluded by the finding of the county court in the caveat proceedings?*

 The answer must be in the affirmative. It is clear that the issue of the bank account was never litigated in the county court, having been withdrawn by the caveator. Although the same agreement which was in issue in the county court is also the issue in the district court and although the parties are the same or in privity, the principles of res adjudicata cannot apply because the claim for relief is essentially different as the bank accounts were not litigated in the probate proceedings. The granting of the summary judgment on this issue must, therefore, be based on the principle of estoppel by judgment rather than res adjudicata.

As pointed out in *Grand Valley v. Fruita,* 37 Colo. 483, 500, 86 P. 324:

" * * * where the second action is upon a different claim or demand, the judgment in the prior action operates as an estoppel only as to those matters actually litigated and determined and not what might have been. * * * "

See also *Kortz v. Guardian Life Ins. Co.* (10 Cir.), 144 F. (2d) 676.

The record reflects that in the probate proceedings

the court found that the agreement of July 30, 1948, did not bind Frank, the father, to do anything; but went on to say that the agreement appeared to have been limited as between the sons. The probate court, therefore, did not determine the issue of whether there was an agreement between the sons that the bank account would be divided equally between them and that by reason of such agreement William Blair holds one-half of the money in the joint account in trust for the use and benefit of Harrison Blair.

On this issue the plaintiff was entitled to a trial and was not estopped by the judgment of the county court.

The judgment is affirmed as to the second claim and reversed and remanded as to the third claim, with directions to proceed to trial thereof on the merits.

MR. JUSTICE DOYLE not participating.