Opinion by
Mr. Chief Justice Moore.
This action has been before this court on a former occasion. For a more detailed statement of pertinent facts our opinion in Blair v. Blair and Security State Bank of Sterling, 144 Colo. 442, 357 P.2d 84, should be read. In that opinion this court remanded the cause for trial on the question as to whether, *594 “* * * there was an agreement between the sons that the bank account would be divided equally between them and that by reason of such agreement William Blair holds one-half of the money in the joint account in trust for the use and benefit of Harrison Blair.”
Following the announcement of the above-mentioned opinion Harrison D. Blair, the plaintiff, was granted leave to file an amendment to his complaint. It raised an issue as to whether certain chattel property, given to his brother William P. Blair by the terms of a codicil to the will executed by the father of the litigants, should also be held — as to one-half thereof — to be trust property in the hands of William for the use and benefit of Harrison.
These issues were tried to the court and at the conclusion of the evidence offered on behalf of Harrison counsel for William moved for dismissal of the action on the ground that there was insufficient evidence to establish any contract between Harrison and his brother William which required the latter to share with Harrison the joint bank account, or the personal property given to William by the codicil to the father’s will.
The trial court’s “Conclusions of Law” contain the following:
“1. The Court having found and determined as a matter of fact that the oral agreement set forth in the Third Cause of Action did not exist, the Court concludes there can be no recovery thereon.
“2. The Court having further found that the alleged written agreement pleaded in the Sixth Cause of Action did not exist the Court concludes there can be no recovery on the Sixth Claim.”
The “Third Cause of Action” above referred to relates to the joint bank account between William and his father, and the “Sixth Cause of Action” relates to the property received by William under the provisions of the codicil.
The sole question for our determination on this writ of error is: Whether the trial court erred in *595 reaching the conclusion that no contract was proven by the testimony offered in support of Harrison’s claims. The full transcript of the testimony has been read and the exhibits which were introduced in evidence have been examined. The record before us fails to establish the existence of any agreement between Harrison and his brother William concerning the subject matter of this case. The assertion of Harrison that his brother holds property in trust for his use and benefit was not established by the evidence, and the trial court did not commit error in dismissing the action.
The judgment is affirmed.
Mr. Justice Sutton, Mr. Justice McWilliams and Mr. Justice Hodges concur.