No. 22436.

HERBERT RUBENS AND MARTHA E. RUBENS *v.* A. M. PEMBER,
B. PEMBER, AGNES BOSLER, LEONARD COWN, AND NATIONAL
REAL ESTATE MANAGEMENT COMPANY, A CORPORATION.

No. 22437.

HERBERT RUBENS AND MARTHA E. RUBENS *v.* A. M. PEMBER,
B. PEMBER, AND AGNES BOSLER.
(460 P.2d 803)

Decided October 27, 1969.     Rehearing denied November 24, 1969.

184

GEORGE T. ASHEN, THOMAS C. SINGER, for plaintiffs in error.

DICKERSON, BARRY & DWYER, for defendants in error A. M. Pember, B. Pember and Agnes Bosler.

BERENBAUM & BERENBAUM and JACK LEVINE, for defendants in error Leonard Cown and National Real Estate Management Company.

*In Department.*

Opinion by MR. JUSTICE HODGES.

THE two captioned actions were consolidated for trial to the court without a jury and the two writs of error are deemed consolidated here. The plaintiffs in error in both will be referred to herein as plaintiffs and the defendants in error as defendants or by name.

In No. 22436, the plaintiffs, who are husband and wife, claimed that they were induced to purchase the stock of the Downtowner Restaurant in Denver by fraudulent representations made to them by the defendants. The defendants, A. M. Pember, B. Pember and Agnes Bosler, were the sellers of the stock and defendant Leonard Cown was the real estate salesman who negotiated the sale. The defendant National Real Estate Management Company was the employer of defendant Cown. It was charged in the complaint that the real estate salesman and his employer actively participated in the alleged fraud.

At the commencement of this action, the plaintiffs were in default on a promissory note they had given to the sellers as part of the purchase price. Defendant sellers thereupon brought a separate action (No. 22437) against the plaintiffs to collect on this promissory note and to foreclose on their security which consisted of a chattel

mortgage on the restaurant equipment and the stock of the corporation.

Upon the completion of the plaintiffs' evidence in the consolidated trial of these two actions and before the defendants presented any evidence, the defendants moved for an involuntary dismissal of the plaintiffs' complaint under R.C.P. Colo. 41(b) on the ground that on the facts and law, the plaintiffs have shown no right to relief. The trial court granted the defendants' motion, and also, granted the defendant sellers' prayer for judgment on their complaint against the plaintiffs for the balance of the promissory note in the amount of $42,134.28 plus interest. From these judgments, the plaintiffs seek review on their writs of error.

The assignments of error do not in our view present any basis for reversal of either of the judgments, and we therefore affirm these judgments of the trial court. Only a brief statement of the facts as shown from the testimony and evidence is required for a resolution of the issues involved.

In early 1962, defendant Cown, the real estate salesman, approached the defendant owners of the Downtowner Restaurant for the purpose of a sales listing. A sales price of $70,000 was agreed upon. At the time, one of the owners, defendant A. M. Pember, gave to the real estate salesman certain operational statements of the restaurant for the years 1959, 1960 and the first eleven months of 1961, and authorized the showing of these statements to prospective purchasers. Shortly thereafter, the plaintiffs, both of whom had previous experience in the operation and ownership of restaurants, contacted defendant Cown about buying a restaurant. After looking at several establishments, the plaintiffs agreed to look at the Downtowner Restaurant, although initially they felt the price of $70,000 was out of their range. The plaintiffs testified that after seeing the operational statements, which showed a profit of approximately $30,000

186

for each of the previous three years, they agreed to purchase this restaurant.

The Downtowner Restaurant was incorporated and all its stock was held by the defendants, Mr. and Mrs. Pember and Agnes Bosler. The plaintiffs in exchange for the stock of the corporation paid $15,000 down, executed a promissory note for the $55,000 balance, and gave security consisting of a chattel mortgage on the restaurant equipment and the shares of stock. The plaintiffs took possession of the premises on April 1, 1962 and conducted the business for over a year until July 1963 when they filed their action in fraud against the defendants. They made regular payments on the promissory note until June of 1963 when they defaulted. From the record, it appears that the plaintiffs were still in possession of the premises at the time of the trial.

The plaintiffs base their allegation of fraud on the operational statements shown to them by defendant Cown. The crux of their claim is that these statements did not reflect the full and actual expenses of operation and that while the operational statements showed a profit for each period of approximately $30,000, this profit, in reality, was substantially less because the figures did not reflect the salaries paid to the defendants, Mr. and Mrs. Pember and Agnes Bosler during the previous three years when they owned and operated it. The plaintiffs' evidence also attempted to show other inaccuracies in the operational statements. Defendant Cown, who was called to testify under cross examination, testified that he had told the plaintiffs that the $30,000 per year "... represented the salaries of the owners for working in the place." The plaintiffs also testified that the restaurant, after they had purchased it, continued to do the same amount of business as it had done previously for approximately one year, and that after that the business began to decline.

I.

The plaintiffs assert that it was error for the trial court

to dismiss their complaint at the conclusion of the presentation of their case on the ground that the evidence of fraud was not clear and convincing because:

". . . at this stage of a trial all evidence favorable to the plaintiff must be viewed in the most favorable light, together with any favorable inferences that may be drawn therefrom, and all evidence favorable to the defendant or any favorable inferences drawn therefrom must be disregarded; that following this rule of law the plaintiffs clearly established a prima facie case."

The above proposition upon which the plaintiffs claim error would have had validity had this case been tried to a jury. However, it was not. The trial judge was the fact finder, and therefore, our holding in *Teodonno v. Bachman*, 158 Colo. 1, 404 P.2d 284 is applicable here. In *Teodonno*, which involved alleged fraud on the part of the vendor of residential real estate, we stated:

"It is true that when reviewing a dismissal entered at the conclusion of the plaintiffs' evidence in a *jury trial*, the rule urged by the plaintiffs that the evidence must be viewed in the light most favorable to the plaintiffs is applicable. *Eberle v. Hungerford*, 130 Colo. 167, 274 P.2d 93; *Huddleston v. Ingersoll Co.*, 109 Colo. 134, 123 P.2d 1016. But when the trial is to the court, as it was here, the trial court is the finder of the fact and may make its findings and render judgment against the plaintiffs at the close of the plaintiffs' case. Rule 41(b)(1), R.C.P. Colo. *The question on review of such action is not whether the plaintiffs made a prima facie case, but whether a judgment in favor of the defendant was justified on the plaintiffs' evidence. If reasonable men could differ in the inferences and conclusions to be drawn from the evidence as it stood at the close of the plaintiffs' case, then we cannot interfere with the findings and conclusions of the trial court. Blair v. Blair*, 144 Colo. 442, 357 P.2d 84; *Niernberg v. Gavin*, 123 Colo. 1, 224 P.2d 215." (Emphasis added.)

188

■ It is also a well-established rule that unless a reviewing court can state that the findings and conclusions of the trial court are so manifestly against the weight of the evidence as to compel a contrary determination, they will not be disturbed. *Howard v. International Trust Company*, 139 Colo. 314, 338 P.2d 689, *cert. denied.*, 361 U.S. 916, 80 S.Ct. 258, 4 L.Ed. 2d 184.

■ It is unnecessary to detail all the testimony which might bear upon the several elements which must be established to prove fraud, except to state that, in. our view, contrary inferences as to the existence of fraud could be drawn from the evidence.

II.

■■ Next, the plaintiffs contend the court under the evidence did not make findings of fact which were sufficiently complete under R.C.P. Colo. 52 (a) to substantiate its order of dismissal of the plaintiffs' complaint in fraud. We do not agree with this contention.

The trial court's findings adequately resolved the material and ultimate issue of fraud in sufficient detail. There is compliance with the Rules of Civil Procedure if the trial court makes findings on the material and ultimate facts, as it did here. *Lininger v. Lininger*, 138 Colo. 338, 333 P.2d 625.

III.

■ In No. 22437, the plaintiffs maintain that the court erred in entering judgment on the defendant sellers' complaint against them on the promissory note because the defendants had not yet presented their evidence in support of their complaint. The plaintiffs' complaint in No. 22436 admitted execution and delivery of the note by the plaintiffs. The note itself was admitted in evidence. Furthermore, the plaintiffs in their testimony admitted execution and delivery of the note and also admitted their default and nonpayment of the note. Once the court found there was no fraud inducing execution and delivery, it was proper, where these two cases were consolidated for

trial to the court, for the court to enter judgment in favor of the defendants and against the plaintiffs for the unpaid balance under the evidence presented as shown from this record. Under these circumstances, it would have been a needless extension of the trial court's time to have required the defendants to present their evidence.

The remaining assignment of error is without merit and also becomes immaterial in view of our resolution of the plaintiffs' first assignment of error.

The judgments are affirmed.

MR. CHIEF JUSTICE MCWILLIAMS, MR. JUSTICE DAY and MR. JUSTICE GROVES concur.