J. W. METZ LUMBER COMPANY, a
Colorado corporation,
Plaintiff-Appellee,

v.

Bruce Thomas SCHNEIDER, Jeffery Lee
Schober, Sallie Ann Schober, Robert H.
Holzworth, and Lois Ann Holzworth,
Defendants-Appellants.

No. 82CA1354.

Colorado Court of Appeals,
Div. III.

March 15, 1984.

Rehearing Denied May 3, 1984.

Certiorari Granted Aug. 27, 1984.

Graber & Graber, George Moore Graber,
Arvada, for plaintiff-appellee.

Jonathan T. Belknap, Fraser, for defend-
ants-appellants.

STERNBERG, Judge.

In this consolidated action to foreclose
mechanics' liens, judgment was entered in
favor of the plaintiff, Metz Lumber Compa-
ny, and the defendant landowners appeal.
We affirm.

The relevant facts are undisputed: Each
landowner, acting independently, contract-
ed to buy a log home building materials kit
from Colorado Log Homes, Inc. (CLH). In-
cluded in each kit were building plans and
materials. Each owner paid CLH for the
kits prior to their delivery and each was to
be responsible for the cost of delivery.
None of the contracts was filed or record-
ed. Two of the owners subsequently con-
tracted with Timber Construction, Inc., to
have the kits assembled following delivery.
The third owner planned to assemble the
kit himself. CLH had ordered a portion of
the building materials for the package
from Metz, and arranged for Metz to deliv-
er the materials to the owners' property.
Upon receipt of the materials, the owners
paid Metz for the cost of delivery.

Following delivery, Metz billed CLH for
the cost of the materials. Subsequently,
CLH went bankrupt, and Metz was not
paid. Metz timely filed mechanics' liens
and notices of lis pendens, and brought
these foreclosure actions against the land-
owners' property. The actions were con-
solidated for trial.

After reviewing the stipulation of facts, briefs, affidavits, and other material before it, the trial court held the liens to be valid and confirmed Metz' right of foreclosure against each landowner. On appeal, the landowners argue that Metz was not entitled to the liens.

■ Section 38–22–101(1), C.R.S. (1982 Repl.Vol. 16A) provides, in relevant part:

"[A]ll persons of every class, performing labor upon or furnishing ... materials to be used in construction ... of any building ... or any other structure or improvement upon land ... shall have a lien upon the property ... for which they have furnished materials ... for the value of such ... material furnished, whether at the instance of the owner, or of any other person acting by his authority or under him, as agent, contractor, or otherwise ...."

This statute is based on principles which "protect persons whose labor or material enhances the value or the condition of another's real property." *Seracuse Lawler & Partners, Inc. v. Copper Mountain*, 654 P.2d 1328 (Colo.App.1982). *Thirteenth Street Corp. v. A-1 Plumbing & Heating Co.*, 640 P.2d 1130 (Colo.1982). The statute is to be construed liberally in favor of the creation of liens. *Amco Electric Co. v. First National Bank*, 622 P.2d 608 (Colo. App.1981).

■ We agree with the trial court that Metz qualifies as a materialman under the statute. It provided materials to be used in the construction of buildings upon the owners' property and delivered the materials directly to the property.

We view the crucial issue to be whether the material was furnished "at the instance of the owner, or of any other person acting by his authority or under him, as agent, contractor or otherwise...." The owners argue that they had not contracted with Metz, but had only signed a retail sales contract for building materials with CLH.

■ The contracts between the owners and CLH referred to preliminary plans to be provided by CLH, and allowed for modifications consistent with the original order without additional cost until the owners were satisfied with the plans. Hence, CLH is entitled to a lien under § 38–22–101(1), which provides that those entitled to liens include:

"[A]rchitects, engineers, draftsmen, and artisans who have furnished designs, plans ... specifications, drawings, estimates of cost ... or superintendence ...."

CLH, which had contracts with each owner, is a principal contractor under § 38–22–108(1), C.R.S. (1982 Repl.Vol. 16A), which provides, in pertinent part, that:

"Every person given a lien by this article whose contract, either express or implied, is with the owner ... is a principal contractor...."

■ Metz, by virtue of having delivered to the owners materials to be used in the construction of buildings on their land, at the instance of CLH as contractor, is therefore entitled to a lien on the owners' property.

The judgment is affirmed.

VAN CISE and SILVERSTEIN,* JJ., concur.

---

* Sitting by assignment of the Chief Justice under provisions of the *Colo. Const.*, Art. VI, Sec. 5(3), and § 24–51–607(5), C.R.S. (1982 Repl.Vol. 10).