**LAURENCE J. RICH & ASSOCIATES,
Plaintiff–Appellant,**

v.

**FIRST INTERSTATE MORTGAGE
COMPANY OF COLORADO,
Defendant–Appellee.**

**No. 90CA0087.**

Colorado Court of Appeals,
Div. V.

Sept. 20, 1990.

Rehearing Denied Nov. 1, 1990.

Certiorari Denied March 18, 1991.

Laurence J. Rich & Associates, Loren R. Ginsburg, Englewood, for plaintiff-appellant.

Holme Roberts & Owen, Jeffrey A. Chase, Katherine J. Peck, Denver, for defendant-appellee.

Opinion by Judge REED.

Plaintiff, Laurence J. Rich & Associates, appeals the trial court's judgment of dismissal in favor of defendant, First Interstate Mortgage Company of Colorado (First Interstate). We affirm.

The plaintiff is a firm of licensed attorneys in which Laurence D. Rich is the principal. Rich specializes in various facets of real estate law as it relates to the acquisition and the development of property. In that capacity, he was retained by APA Properties II (APA) to assist in the acquisition and the development of certain real property. During the course of the development of the property, APA borrowed a substantial sum of money from First Interstate for which First Interstate was secured by a deed of trust.

Rich rendered legal services to APA over a period of several years. These included legal services by which the land was acquired, permits granted, etc., as well as consultation and other legal services during the development and construction of the property. Among his activities, he counseled with his client concerning the supervision of the construction process. He also was in direct contact, on behalf of his client, with those rendering services and materials to the project.

When APA failed to pay Rich for his services, his firm filed a statement claiming a mechanic's lien upon the property and thereafter filed the instant action seeking to foreclose that lien. During the course of the litigation, First Interstate foreclosed upon its deed of trust and obtained title to the property by a public trustee's deed.

At the close of plaintiff's case, in a bench trial, the trial court dismissed the plaintiff's lien claim. It determined that the legal services rendered by Rich were not within the purview of the mechanic's lien statute.

Plaintiff contends that the trial court erred in dismissing its claim for a mechanic's lien. We disagree.

Here, plaintiff's claim for a lien is not predicated upon its right to an attorney's retaining or charging lien as provided by §§ 12–5–119 and 12–5–120, C.R.S. (1985 Repl.Vol. 5). Rather, its lien claim is based upon the mechanics' lien statute set forth in § 38–22–101, C.R.S. (1982 Repl.Vol. 16A).

That statute provides, in pertinent part, as follows:

"[A]ll persons of every class performing labor upon ... any building ... or improvement upon land ... and also architects, engineers, draftsmen, and artisans who have furnished ... superintendence, or who have rendered other professional or skilled service ... have a lien upon the property upon which they have ... rendered service or bestowed labor ... for the value ... of services rendered or labor done...."

■ The mechanics' lien statute contains an exhaustive list of persons entitled to claim a mechanic's lien. While it is usually construed liberally, persons claiming its benefits must bring themselves clearly within its provisions as members of the class to whom the remedy is allowed. And, the statutory remedy cannot be judicially extended so as to be applied to cases not within its provisions. *Ridge Erection Co. v. Mountain States Telephone & Telegraph Co.*, 37 Colo.App. 477, 549 P.2d 408 (1976).

The purpose of this statute is to protect persons whose labor or materials enhance the value or the condition of another's property. *J.W. Metz Lumber Co. v. Schneider*, 687 P.2d 490 (Colo.App.1984). Its underlying rationale is to preclude unjust enrichment. *Kobayashi v. Meehleis Steel Co.*, 28 Colo.App. 327, 472 P.2d 724 (1970).

■ Noticeably absent from the class of persons enumerated within the mechanics' lien statute are attorneys. Under the language of the statute, services of superintendence are described as those rendered by "architects, engineers, draftsmen, and artisans."

Further, it is significant that attorneys are granted lien rights by separate and distinct statutes, *i.e.*, §§ 12–5–119 and 12–5–120, C.R.S. (1985 Repl.Vol. 5). No attorney's lien exists apart from these statutory provisions. *In re Marriage of Rosenberg*, 690 P.2d 1293 (Colo.App.1984). Neither of these statutes is applicable to this controversy.

To justify a mechanic's lien under § 38–22–101, the services must have been rendered, bestowed, or done *upon* the property against which the lien is sought. The legal services rendered here do not have that relationship. Rather, they were services rendered not to the property, but to the owner, or as the owner's agent, having only an indirect relationship to the property. Rich's activities, off site, concerning the progress of the work do not constitute superintendence. *Pitschke v. Pope*, 20 Colo.App. 328, 78 P. 1077 (1904).

Here, the trial court found, with ample evidentiary support, that the services rendered by Rich were legal services which are not lienable items within the purview of the mechanics' lien statute. We will not disturb that finding. *See Martinez v. Continental Enterprises*, 730 P.2d 308 (Colo. 1986).

Based on this finding, it was not error to dismiss the claim at the conclusion of claimant's case. *Rubens v. Pember*, 170 Colo. 182, 460 P.2d 803 (1969).

The judgment is affirmed.

CRISWELL and VAN CISE *, JJ., concur.