**Catherine P. MOLLECK,**
**Plaintiff–Appellant,**

v.

**The CITY OF GOLDEN, Colorado; City Council of the City of Golden, Colorado; Marvin L. Kay, in his capacity as The Mayor of The City of Golden, Colorado, and as a member of The City Council of The City of Golden, Colorado; C. Richard Cuask, Matthew K. Faykosh, Leslie M. Hawkinson, John R. McInerney, Robert A. Ourada, and Jan C. Schenck, in their official capacities as members of The City Council of The City of Golden, Colorado; and George K. Baum & Company, Defendants–Appellees.**

No. 94SA41.

Supreme Court of Colorado,
En Banc.

Nov. 29, 1994.

Nichols & Hecht, L.L.C., Charles B. Hecht, Denver, for plaintiff-appellant.

Windholz & Associates, James A. Windholz, David S. Williamson, William P. Hayashi, Boulder, Holme Roberts & Owen, L.L.C., Patricia C. Tisdale, Erin M. Smith, Denver, Sp. counsel, for defendant-appellee City of Golden, and for defendants-appellees City Council of City of Golden, Marvin L. Kay, in his capacity as Mayor of City of Golden, and as a member of City Council of City of Golden, C. Richard Cuask, Matthew K. Faykosh, Leslie M. Hawkinson, John R. McInerney, Robert A. Ourada and Jan C. Schenck, in their official capacities as members of City Council of City of Golden.

Treece, Alfrey & Musat, P.C., Nancy L. Pearl, David T. Wexler, Denver, for defendant-appellee George K. Baum & Co.

Justice ERICKSON delivered the Opinion of the Court.

This appeal centers on an election on a sales tax and use tax issue held in the City of

Golden. The plaintiff in the district court, Catherine Molleck (Molleck), filed a declaratory judgment action alleging the sales and use tax approved by the registered voters of the City of Golden was invalid. The defendant, City of Golden (City), filed a motion to dismiss asserting that the declaratory judgment action was an election contest that was untimely filed. The district court granted the City's motion and dismissed Molleck's declaratory judgment action. *Molleck v. City of Golden,* 93CV1022 (Jefferson County District Court, August 20, 1993). Molleck appealed to the court of appeals. The court of appeals issued an order to show cause and pointed out the lack of subject matter jurisdiction because municipal election contests are excluded from the jurisdiction of the court of appeals. § 13–4–102(1)(g), 6A C.R.S. (1987).[1] After reviewing the court of appeals order and request for a transfer of jurisdiction, we accepted the case for review. We affirm the district court.[2]

## I

An election was held in the City of Golden on May 21, 1991, to resolve the following question on the ballot:

Shall the City of Golden provide for capital improvements, including downtown improvements, a community center and other public improvements throughout the city, to be accomplished by increasing the city sales tax and use tax by an additional one cent (1¢) on the dollar or fraction thereof, effective July 1, 1991, the pledging of such tax increase specifically for such capital improvements and for no other purpose, and the creation of a sales tax and use tax capital improvement fund?

At the election, 2,312 registered electors went to a polling place and 2,312 ballots were cast. Twenty-five of the ballots were defective and were not counted.[3] The next day, the election results were announced by the issuance of the City's "Statement and Certificate of Determination of an Election." The Statement and Certificate reflects that 2,287 votes were counted, of which 1,149 were cast in favor and 1,138 votes were cast against the ballot question.

In June 1991, the Golden City Council enacted Ordinance No. 1121 (Fund Ordinance), which increased the sales and use tax by establishing the "Sales and Use Tax Capital Improvement Fund" (Fund). The Fund was to be used "solely to provide for capital improvements." A community center was to be constructed, and capital improvements were to be made. Following the election and the creation of the Fund, the City undertook the "Streetscape" project to improve the City's streets, sidewalks, and curbs. Nearly two million dollars were raised from the increased tax, and the Fund was used for capital improvements.

On September 24, 1992, the Golden City Council adopted Ordinance No. 1164, which authorized the issuance of $6,085,000 in sales and use tax revenue bonds and required the bond proceeds to be used to pay for the costs

---

1. Section 13–4–102 provides that:

    **13–4–102. Jurisdiction.** (1) Any provision of law to the contrary notwithstanding, the court of appeals shall have initial jurisdiction over appeals from final judgments of the district courts, the probate court of the city and county of Denver, and the juvenile court of the city and county of Denver, except in:

    . . . .

    (g) Summary proceedings initiated under articles 1 to 13 of title 1 and article 10 of title 31, C.R.S.

2. Plaintiff also claims that the district court erred in ruling that the votes of the twenty-five who appeared at the polls, obtained ballots, cast ballots which did not "count for" the issue presented under § 31–10–612, 12B C.R.S. (1986), and should not be counted for the purpose of determining the total number of electors "voting" at

the election. Plaintiff asserts that the district court erred in holding that the City obtained the required "approval by a majority of the registered electors voting." Because we decide this case on a jurisdictional issue, we do not address the issue raised under § 31–10–612.

3. Twenty-three of the ballots were "undervotes," meaning that neither "yes" or "no" was marked. Two ballots were "overvotes," indicating that both "yes" and "no" were marked.

    The ballots were therefore defective pursuant to § 31–10–612, 12B C.R.S. (1986), which states:
    **31–10–612. Defective ballots.** If a voter marks . . . more names than there are persons to be elected to an office or if, for any reason, it is impossible to determine the choice of any voter for any office to be filled, his ballot shall not be counted for such office.

of building the community center. The bonds were to be repaid from the revenues from the increased tax and the Fund. Closing on the bonds occurred on October 29, 1992, and the bonds were delivered to the City's underwriter and sold to third-party investors.

Molleck's declaratory judgment action was filed on May 14, 1993, to determine whether the increase in the sales and use tax and the creation of the Fund were properly authorized. The declaratory judgment action also alleged that the ordinance implementing the sales and use tax increase and creating the sales and use tax capital improvement fund, and the ordinance authorizing the issuance of the sales tax bonds were void.

Molleck claimed that the election, which authorized the increased sales tax, did not receive a majority of the votes on the ballot question and that the City failed to comply with Colorado law in adopting the Fund Ordinance. The City filed a motion to dismiss, which was granted by the district court. The court held that a majority of the registered electors voting in the election had approved the ballot question and that the declaratory judgment action was time-barred under the provisions of the Municipal Election Code requiring that election results be contested within ten days of canvassing. § 31–10–1303, 12B C.R.S. (1994 Supp.). On October 1, 1993, Molleck filed a notice of appeal with the court of appeals, which subsequently transferred the matter to this court.

## II

The City contends that this is an election contest. If Molleck's claim is an election contest, the statute of limitations forecloses suit. The statute of limitations on municipal election contests states:

> **31–10–1303. Filing statement—contents.** *The contestor shall file in the office of the clerk of the district court, within ten days after the day when the votes are canvassed,* a written statement of his intention to contest the election, setting forth the name of the contestor, that he is a registered elector of the municipality, the name of the contestee, the office contested, the time of election, and the particular causes of the contest.

§ 31–10–1303, 12B C.R.S. (1994 Supp.) (emphasis added). Molleck challenged the election nearly two years after the votes were canvassed.[4]

Therefore, the determinative issue is whether Molleck's declaratory judgment action is an election contest as defined by the Municipal Election Code.[5] Molleck contends that her challenge is not an election "contest" under section 31–10–1301, 12B C.R.S. (1986 & 1994 Supp.), but is merely a challenge to the "meaning" of the election. We find such a distinction unpersuasive and hold that Molleck's May 14, 1993 declaratory judgment action is an election contest. § 31–10–1301(1)(c).

## III

The failure of the district court to address Molleck's claims that the City of Golden failed to comply with sections 29–2–101 to –112, 12A C.R.S. (1986 & 1994 Supp.), does not constitute error. The district court, in dismissing the declaratory judgment action, stated:

> Since this Court has concluded that the ballot question was in fact approved by a majority of the registered electors voting in the election and since this Court also

---

4. Canvassing for the May 21, 1991 election occurred on May 22, 1991 by the issuance of the "Statement and Certificate of Determination," which was executed by the city clerk and election canvassers. The document represents the City's official determination of the May 21, 1991 election.

5. Section 31–10–1301(1), 12B C.R.S. (1986 & 1994 Supp.) lists the grounds on which elections may be contested:

> (1) The election of any person declared duly elected to any municipal office may be contested by any registered elector of such municipality:
>
> . . . .
>
> (b) When illegal votes have been received or legal votes rejected at the polls in sufficient numbers to change the results;
>
> (c) For any error or mistake on the part of any of the judges of election or the clerk and his assistant in counting or declaring the result of the election if the error or mistake would be sufficient to change the result; . . . .

has concluded that the Plaintiff is time-barred from contesting the election results, this Court sees no necessity to discuss the other grounds set forth....

The district court was not required to address all issues raised by Molleck. *Rubens v. Pember,* 170 Colo. 182, 188, 460 P.2d 803, 806 (1969). Molleck's declaratory judgment action contesting the City of Golden's election was time-barred.

### IV

The district court correctly dismissed Molleck's declaratory judgment action contesting the City of Golden's election because it was not filed within the ten-day period for election contests provided by the Municipal Election Code. Accordingly, we affirm the district court order dismissing Molleck's declaratory judgment action.