Gregory D. HARRISON,
Plaintiff–Appellant,

v.

PINNACOL ASSURANCE,
Defendant–Appellee.

No. 02CA1682.

Colorado Court of Appeals,
Div. I.

March 11, 2004.

Certiorari Denied Jan. 31, 2005.

Wilcox & Ogden, P.C., Ralph Ogden, Denver, Colorado, for Plaintiff–Appellant.

Ruegsegger Thomas, L.L.C., Charles M. Pratt, Denver, Colorado, for Defendant–Appellee.

Opinion by Judge WEBB.

In this C.R.C.P. 57 action for a declaratory judgment against defendant, Pinnacol Assurance, the insurer in an underlying workers' compensation case, plaintiff, Gregory D. Harrison (claimant), appeals the judgment of dismissal. Claimant's action sought apportionment between economic and noneconomic damages of monies obtained in settlement of a separate tort action against the third party responsible for the industrial accident. We affirm.

The 1993 accident resulted in severe injuries to claimant, for which Pinnacol was obligated to pay workers' compensation benefits. Pinnacol approved the settlement, which was not apportioned between economic and noneconomic loss, although it was not joined as a party in the tort action. That action was then dismissed with prejudice.

Following the accident, Pinnacol began paying benefits. However, in 1994, and again in 1996, Pinnacol filed final admissions of liability (FALs) in the workers' compensation case. Both FALs said that Pinnacol was offsetting benefits under its subrogation right against the third party and it would resume paying benefits when the unpaid benefits equaled the net amount obtained by claimant from the settlement. Claimant objected to both FALs, but made no specific reference to Pinnacol's right of offset being limited to the economic damages portion of the settlement. No action was taken by either party on the objections and at that time the Workers' Compensation Act (Act) did not set a time limit within which a claimant had to request a hearing on an objection.

In 2001, claimant filed an application for hearing in the workers' compensation case, requesting that an administrative law judge (ALJ) apportion the settlement between economic and noneconomic damages. Pinnacol moved to dismiss the application for hearing, arguing that only the district court which

heard the tort action had jurisdiction to apportion. Claimant opposed the motion and filed this action seeking district court apportionment.

The ALJ deferred ruling on the motion to dismiss, pending the outcome of this action. The workers' compensation case remains open. The record does not explain why claimant failed earlier to seek apportionment from either the ALJ or the district court.

Pinnacol then moved to dismiss this action, arguing as relevant here, that this action was barred by the two-year tort statute of limitations, § 13–80–102(1)(a), C.R.S.2003. The trial court granted the motion, finding that, as relevant here, because the cause of action accrued upon Pinnacol's filing of the 1994 FAL, the two-year tort statute of limitations barred the action.

■■■ We review the ruling on a motion to dismiss de novo, taking the material allegations of the complaint as admitted, and uphold the dismissal only if the plaintiff can prove no set of facts on which relief could be granted. *Davidson v. Dill,* 180 Colo. 123, 503 P.2d 157 (1972). Although generally the statute of limitations should be raised in the answer rather than in a motion to dismiss, "the defense of limitations may be raised by a motion to dismiss when the time alleged in the complaint shows that the action was not brought within the statutory period." *Wasinger v. Reid,* 705 P.2d 533, 534 (Colo.App. 1985).

## I.

Claimant contends that his action is timely because his objections to the FALs tolled any applicable statute of limitations, at least so long as the workers' compensation case remains open. According to claimant, unless the statute of limitations is tolled and apportionment is resolved in this independent action, he is left without a remedy to the extent that Pinnacol wrongly offsets benefits against the noneconomic damages portion of his settlement. Assuming, without deciding, that an independent declaratory judgment action is proper to apportion settlement, we nevertheless conclude the action is untimely.

## A.

■■ Resolution of timeliness begins with characterizing the apportionment case as either an independent action or a proceeding ancillary to the workers' compensation case. Proper characterization is problematic because apportionment affects the workers' compensation benefits paid by Pinnacol, which may be offset only against economic damages. *Martinez v. St. Joseph Hosp. & Nursing Home,* 878 P.2d 13 (Colo.App.1993). However, the damages being apportioned here arise from settlement of the tort case.

Claimant argues that because the offset is based on an insurer's subrogation right under § 8–40–203(1)(b), C.R.S.2003, the Act governs the time frame and conditions under which the offset must be determined. *See* § 8–43–201, C.R.S.2003 (giving the director and ALJs original jurisdiction to decide all matters arising under the Act). We are not persuaded.

Initially, we note that, notwithstanding the broad jurisdictional grant of § 8–43–201, a division of this court discerned no basis on which either the Director of the Division of Labor or the Industrial Claim Appeals Office "could assert jurisdiction to determine how the proceeds paid by a third-party tortfeasor should be apportioned between economic and noneconomic losses suffered by a claimant." *Jordan v. Fonken & Stevens, P.C.,* 914 P.2d 394, 395 (Colo.App.1995). Later cases have adhered to the view that jurisdiction to apportion settlement proceeds from a personal injury case lies in the district court. *Jorgensen v. Colo. Comp. Ins. Auth.,* 967 P.2d 172 (Colo.App.1998), *aff'd,* 992 P.2d 1156 (Colo. 2000) (*Jorgensen II* ).

■■ In apportioning a tort settlement, the district court does not determine either the amount of workers' compensation benefits to which the claimant is entitled or the extent of the insurer's offset. The court decides only that portion of the settlement which represents noneconomic damages. *Jorgensen II, supra.* Such a decision does not require any further action in a workers' compensation case. If an insurer improperly offsets benefits against settlement proceeds that a district court has apportioned to noneconomic

damages, only then would the claimant's remedy be under the Act. Sections 8–43–201, 8–43–401(2)(a), C.R.S.2003.

Accordingly, we conclude this apportionment case is a separate cause of action, not an ancillary proceeding to the workers' compensation case, to which we must apply a statute of limitations and an accrual date.

### B.

◼ The parties cite no Colorado case, and we have found none, determining which statute of limitations within Article 80 of Title 13 applies to a declaratory judgment action.

Further, the complaint does not plead any legal theory of recovery from which a limitation period could be applied. *See Molleck v. City of Golden,* 884 P.2d 725 (Colo.1994)(holding declaratory judgment action disputing an election untimely based on a former version of the statute of limitations for election contests, Colo. Sess. Laws 1987, ch. 35, § 31–10–1303 at 332).

We discern no statute of limitations specifically applicable to declaratory judgment actions and therefore apply the two-year catch-all statute of limitations. *See* § 13–80–102(1)(i), C.R.S.2003 (applicable to actions for which no other period of limitation is provided). This statute has been applied to various claims for which no specific limitation period exists. *See, e.g., Bd. of Trs. v. Koman,* 133 Colo. 598, 298 P.2d 737 (1956)(retirement benefits); *Tafoya v. Perkins,* 932 P.2d 836 (Colo.App.1996)(partnership accounting).

Other states have applied their catch-all statutes of limitations to declaratory judgment actions. *See Maguire v. Hibernia Sav. & Loan Soc.,* 23 Cal.2d 719, 146 P.2d 673 (1944); *Solnick v. Whalen,* 49 N.Y.2d 224, 425 N.Y.S.2d 68, 401 N.E.2d 190 (1980). In *Solnick v. Whalen,* the court pointed out that, unlike in *Molleck v. City of Golden, supra,* the rights at issue in the declaratory action were not open to resolution through another theory of recovery for which a specific statute of limitations existed.

Accordingly, we conclude this apportionment case is subject to the two-year catch-all statute of limitations.

### C.

◼ The commencement of the statutory limitation period for filing claimant's apportionment case depends on when the action accrued under § 13–80–108, C.R.S.2003. Again, the parties have cited no Colorado case, and we have found none, applying any particular provision of the accrual statute to a declaratory judgment action.

The question of "when statutes of limitations are applicable to declaratory relief actions is a less than clear area of the law." *W. Cas. & Sur. Co. v. Evans,* 130 Ariz. 333, 335, 636 P.2d 111, 113 (Ct.App.1981). Some authority indicates that the statute of limitations "should begin to run when a coercive cause of action arises, and the statutory period should expire on the coercive and the declaratory causes of action simultaneously." *Commercial Union Ins. Co. v. Porter Hayden Co.,* 116 Md.App. 605, 698 A.2d 1167, 1193 (Ct.Spec.App.1997)(quoting Comment, *Developments in the Law: Declaratory Judgments,* 62 Harv. L.Rev. 787, 831–32 (1949)). This view is consistent with the process of identifying a limitation period through reference to a specific remedial theory, such as the specific statute of limitations for election disputes in *Molleck v. City of Golden, supra.*

However, here we discern no underlying "coercive cause of action," *Commercial Union Ins. Co., supra,* analogous to the contract breaches from which many declaratory judgment actions arise. Hence, we apply the catch-all provision, § 13–80–108(8), which links accrual to "when the injury, loss, damage, or conduct giving rise to the cause of action is discovered or should have been discovered by the exercise of reasonable diligence."

◼ The discovery rule generally involves an inquiry into when the party bringing the action acquired knowledge of or should have reasonably discovered the essential facts, rather than the applicable legal theory. Only when the evidence clearly shows that a party's discovery of the pertinent facts occurred or should have occurred upon a particular date can the issue be decid-

ed as a matter of law. *In re Marriage of Smith,* 7 P.3d 1012 (Colo.App.1999).

Here, claimant does not dispute any facts relevant to the FALs, and the trial court determined that claimant's apportionment action accrued in 1994 upon the filing of the first FAL. This filing notified claimant that Pinnacol was claiming an offset against the entire amount of the settlement. In our view, the fact that this notification came to claimant in the context of the workers' compensation case does not limit the resulting duty to inquire.

Nevertheless, we recognize that, in 1994, the concept of a district court apportionment hearing found no mention in any reported Colorado case or in the Act. However, in 1995, *Jordan v. Fonken & Stevens, P.C.,* supra, endorsed apportionment through district court action.

In 1996, Pinnacol filed the second FAL, again asserting the same setoff against the entire net settlement amount, and claimant again filed a general objection. Thus, by that time, claimant knew, or in the exercise of reasonable diligence should have known, he needed to commence an apportionment action if he wished to avoid harm resulting from Pinnacol's setoff against noneconomic damages, if any, obtained in the settlement. We do not hereby express any opinion whether a claimant or an insurer bears the burden of proof in such an apportionment action.

Accordingly, because claimant did not bring this apportionment action within two years of the second FAL, we conclude that the present action was properly dismissed as untimely.

### III.

Our conclusion regarding the statute of limitations obviates the need to address claimant's other contentions.

The judgment is affirmed.

Judge MARQUEZ and Judge TAUBMAN concur.