No. 20778.

RICHARD JOSEPH TEODONNO, ET AL. *v.* R. O. BACHMAN.
(404 P.2d 284)

Decided July 19, 1965.

TINSLEY, ALPERSTEIN & FRANTZ, for plaintiffs in error.

RICHESON and LAWLER, for defendant in error.

*In Department.*

Opinion by MR. CHIEF JUSTICE PRINGLE.

THE plaintiffs in error, Richard and Frances Ann Teodonno, were the plaintiffs in the trial court and will be referred to as such. The defendant in error, R. O. Bachman, was the defendant below, and will be referred to as such. This action arose as a result of an alleged fraud on the part of the defendant in the sale of a residence to the plaintiffs. The trial court granted the defendant's motion to dismiss at the end of the plaintiffs' case, and entered judgment for the defendant. From that judgment, the plaintiffs bring writ of error here.

The defendant was engaged in the business of constructing and selling residences. The plaintiffs contracted to purchase a house which the defendant was building in Jefferson County, Colorado. The house was built, and in December of 1959, the plaintiffs completed the purchase, although they had been living in the house for some 9 months prior to that time.

Approximately a year later, the basement floor of the house began to heave and crack, and water began seeping into the basement. Eventually, one crack ran all the way around the perimeter of the basement floor, about two or three feet inside the foundation walls. The area of the floor contained within this crack has raised some four inches above its original level, and there has also been some cracking in the walls of the basement.

The plaintiffs grounded their action in fraud and sought to recover damages for the injury they sustained by reason of the water seepage into the basement. Their theory was that the plot upon which the house was built contained underground water and that the soil under the house when combined with such water was subject to swelling. They contended that the defendant knew of the presence of ground water underneath the house and of the condition of the soil, but concealed this from the plaintiffs and represented that the house was constructed in a good and substantial manner. Their complaint alleged that they had been damaged in the amount of $3500, and prayed for judgment in that amount.

The trial was to the court, and each party made an opening statement at the beginning of the case. The defendant's attorney, in his opening statement, said that his evidence would show that the defendant had had the soil properly tested by specialists. The plaintiffs then put on their evidence. At the end of the plaintiffs' case, the defendant moved to dismiss. The trial court held that the plaintiffs had failed to establish the allegations of fraud in their complaint, and dismissed the complaint. It should be noted that the plaintiffs presented no allegation of breach of warranty to the trial court and do not raise that issue here.

The gist of the plaintiff's argument is that, granting them the truth of their evidence and all the inferences of fact that can legitimately be drawn from it, they made a prima facie case of fraud against the defendant.

It is true that when reviewing a dismissal entered at the conclusion of the plaintiffs' evidence in a jury trial, the rule urged by the plaintiffs that the evidence must be viewed in the light most favorable to the plaintiffs is applicable. *Eberle v. Hungerford*, 130 Colo. 167, 274 P.2d 93; *Huddleston v. Ingersoll Co.*, 109 Colo. 134, 123 P.2d 1016. But when the trial is to the court, as it was here, the trial court is the finder of the fact and may make its findings and render judgment against the plaintiffs at the close of the plaintiffs' case. Rule 41 (b) (1), R.C.P. Colo. The question on review of such action is not whether the plaintiffs made a prima facie case, but whether a judgment in favor of the defendant was justified on the plaintiffs' evidence. If reasonable men could differ in the inferences and conclusions to be drawn from the evidence as it stood at the close of the plaintiffs' case, then we cannot interfere with the findings and conclusions of the trial court. *Blair v. Blair*, 144 Colo. 442, 357 P.2d 84; *Niernberg v. Gavin*, 123 Colo. 1, 224 P.2d 215.

Plaintiffs do not rely on any actual misrepresentations made to them, and, in fact, there were none. The

gravamen of their complaint is that the defendant allegedly concealed from them material facts under circumstances which amount to fraud. We have held that actionable concealment consists of (a) the concealment of a material existing fact which in equity and good conscience should be disclosed; (b) knowledge that one is concealing such a fact; (c) ignorance on the part of the one from whom such fact is concealed of the existence of the fact concealed; (d) intention that the concealment be acted upon; and (e) resultant damage. *Carpenter v. Donohoe,* 154 Colo. 78, 388 P.2d 399; *Morrison v. Goodspeed,* 100 Colo. 470, 68 P.2d 458.

In Colorado, it has been made patently clear that liability for fraud based upon concealment of a latent soil defect cannot exist without proof of the defendant's *actual* knowledge of the fact allegedly concealed. *Denver Business Sales Co. v. Lewis,* 148 Colo. 293, 365 P.2d 895; 39 Dicta 174.

The plaintiffs argue that they showed in two ways that the defendant had actual knowledge of ground water in the soil beneath the house. They contend that the defendant's attorney's remark in his opening statement that the defendant had made a soil test, coupled with the testimony of plaintiffs' expert witness, Martin, that a properly taken soil test would "nearly always" reveal the presence of ground water if it were, in fact, present proved the defendant knew that there was underground water present. Secondly, they say that apart from the soil test, the defendant had reason to know of the presence of the ground water under the house sold to the plaintiffs, because, they contend, the evidence shows the defendant had general knowledge of soil conditions in the area of the plaintiffs' house.

At the outset, we note that the plaintiffs did not put the defendant, nor any of his agents or representatives, on the stand. The only witnesses who testified were Leslie Martin, a structural engineer, Gerald Newman, a building contractor, Richard Teodonno, one of the plain-

tiffs, Benton Kinkel, the Arvada Building Inspector, and Charles Reitler, a real estate broker.

As to the first argument, its most obvious defect is that there was no proof whatsoever that the water which caused the swelling of the soil was ground water. The plaintiffs assume that it was ground water, but they have never offered any evidence to prove it as a fact. As a matter of fact, their expert witness testified that he did not know where the water which caused the problem was from and that he had no idea whether it was underground water or not. If it were water from another source than ground water, it could have appeared after the defendant's soil test and his test would not have revealed its presence. Such evidence leads only to guess or speculation as to whether the defendant had actual knowledge of underground water at the time he sold the house to the plaintiffs.

Furthermore, even assuming that the water in question was ground water, there is no absolute assurance that a soil test would reveal its presence. Martin testified only that a proper soil test would "nearly always" indicate the presence of ground water, if it were present. In other words, some tests would not show ground water even though it were present. Thus, one can only speculate as to whether the defendant's test, if made, showed the presence of ground water.

With respect to the second argument, the only evidence the plaintiffs introduced as to "the defendant's general knowledge of the conditions in the area" was the testimony of the engineer Martin that he knew of two or three homes which had had water problems. These houses were at least two blocks away from the plaintiffs' house. In the first place, the general knowledge testified to was Martin's, not the defendant's. But even if it had been the defendant's knowledge, the fact that he was aware of water appearing in the basements of houses two blocks away from the plaintiffs' does not constitute evidence from which the trial court was required, as a

matter of law, to infer that the defendant had actual knowledge of water underneath the plaintiffs' house.

On the record, as set forth above, we cannot set aside, as a matter of law, the findings and conclusions of the trial court that plaintiffs had not proved a case of fraud at the conclusion of their evidence.

The judgment is affirmed.

MR. JUSTICE MOORE and MR. JUSTICE DAY concur.