No. 22141.

Dewey E. Rowe and Corine R. Rowe *v.*
Clifton G. Bowers and Leola J. Bowers.
(417 P.2d 503)

Decided August 22, 1966.

Kenneth H. Gross, for plaintiffs in error.

No appearance for defendants in error.

*En Banc.*

Mr. Justice McWilliams delivered the opinion of the court.

Dewey and Corine Rowe, hereinafter referred to as the plaintiffs, entered into an agreement for the purchase and sale of a restaurant from Clifton and Leola Bowers, hereinafter referred to as the defendants. Shortly after this transaction was consummated, plaintiffs brought an action to rescind this contract between the parties. This action to rescind was based on alleged fraud on the part of the defendants and their agents, which fraud was said to have induced the plaintiffs to enter into the agreement to purchase. More specifically, plaintiffs alleged that the defendants through their agents made the following misrepresentations: (1) that the restaurant's gross receipts were about $80 to $100 daily; (2) that the defendants had "turned away a great deal of business from parties and clubs that wanted to use the dining room"; (3) that defendants in December 1964 "could have done nearly $3000 in extra business that they had turned away because of the health of one of the said defendants."

Trial was to the court, sitting without a jury, and at the conclusion of the plaintiffs' presentation of evidence the trial court granted defendants' motion to dismiss. Pursuant to Rule 41 (b) (1) and Rule 52 (a), R.C.P. Colo. the trial court made detailed findings of fact and conclusions of law, and then entered judgment in favor of the defendants. It is this judgment which the plaintiffs now seek to reverse.

In essence the trial court found that any misrepresentations on the part of the defendants or their agents as to the restaurant's daily gross receipts were "corrected" before the agreement between the parties was ever entered into; that any statements as to how much business had been "turned away" in the past, under the

circumstances disclosed by the plaintiffs' own evidence, was only an estimate, at most, and hence was a statement of opinion, and not one of fact; that plaintiffs had failed to show that any statements made by the defendants as to how much business had been turned away by them in the past were in anywise false; and that in any event plaintiffs in agreeing to buy this business did not rely on any statements of the defendants or their agents, but on the contrary relied upon their knowledge and experience, coupled with their own personal investigation of the business. In this latter regard the trial court noted that before the agreement between the parties was entered into one of the plaintiffs worked for three days in the restaurant, in order that she might better know the business.

█ We have reviewed the reporter's transcript and find that the trial court's findings are amply supported by the evidence.

██ In *Teodonno v. Bachman*, 158 Colo. 1, 404 P.2d 284, which was also an instance where a trial judge in a trial to the court under Rule 41(b)(1) granted the defendant's motion to dismiss which was interposed at the conclusion of the plaintiffs' presentation of evidence, we declared that in such circumstance the "question on review . . . . is not whether the plaintiffs made a prima facie case, but whether a judgment in favor of the defendant was justified on the plaintiffs' evidence." In other words, this is not a situation where the evidence is to be viewed in the light most favorable to the plaintiffs. Rather, under Rule 41(b)(1), the trial court sitting as the trier of the facts may at that stage of the proceedings "determine . . . [the facts] and render judgment against the plaintiff." In our view the action taken by the trial court was fully justified on the plaintiffs' own evidence.

Judgment affirmed.

MR. JUSTICE DAY not participating.