No. 23929.

Nu-Tone Products Company, Inc., a Colorado corporation *v*. Chester W. Markham.

(481 P.2d 719)

Decided February 22, 1971.

William Rann Newcomb, for plaintiff in error.

No appearance for defendant in error.

*En Banc.*

Mr. Justice Hodges delivered the opinion of the Court.

Plaintiff Nu-Tone's complaint in the trial court alleged that it hired defendant Markham as a commission

salesman pursuant to a written "Salesman's Agreement" executed by both parties. During the period of the defendant's employment, advancements in the sum of $1,703 in excess of commissions earned were made to him. In asking for judgment in this amount against the defendant, the complaint also alleged that in accordance with the provisions of the "Salesman's Agreement," the excess of advancements over commissions earned "shall remain a debt of second party [defendant] until paid in full," and "If collection is required at any time, second party [defendant) shall pay the reasonable cost thereof including attorney's fees."

Trial was to the court. Plaintiff Nu-Tone's evidence supported the allegations of its complaint. At the conclusion of the plaintiff's evidence, which included exhibit A, the "Salesman's Agreement," the defendant moved to dismiss. The trial court granted this motion on the ground that the "Salesman's Agreement" did not include any express agreement on the part of the defendant to repay any excess of advances over commissions earned. Upon ordering the dismissal of the plaintiff's complaint, the trial court entered its judgment for the defendant.

On this writ of error, we sustain the plaintiff's contention that the trial court erred in dismissing the complaint and in entering judgment for the defendant. Accordingly, we reverse the judgment of the trial court and remand this cause for a new trial.

In its disposition of this case, the trial court relied upon *Badger v. Nu-Tone,* 162 Colo. 216, 425 P.2d 698, as its sole authority. On the subject of employment contracts, *Badger* correctly enunciates the majority rule to the effect that an express or implied agreement is required to impose a personal obligation on a commission salesman to repay advances in excess of earned commissions to an employer. If there is no such express or implied agreement between the employee and the employer, the excess of advances over commissions earned cannot be recovered from the employee and is

treated as compensation to the employee. See *Argonaut Builders v. Dare,* 145 Colo. 424, 359 P.2d 366. However, in applying this rule to the contract of employment in *Badger,* this court found as a *matter of law* that the contract did not contain any wording which constituted an express agreement to repay the excess, that the contract between the parties in this regard was ambiguous, and that extraneous circumstances as shown from the evidence was not indicative of any intention to impose such a personal liability on the employee. Accordingly, the trial court's judgment in favor of the employer in *Badger* was reversed.

Unlike the contract of employment in *Badger,* the "Salesman's Agreement" here contains clear and unambiguous contractual language to the effect that the excess of advances over commissions earned shall be a debt of the defendant until paid in full. It additionally provides that if collection is required, the defendant agrees to pay the reasonable costs thereof including attorney's fees. These provisions of this "Salesman's Agreement" set forth an express agreement of the parties that this defendant shall be personally indebted and shall repay any excess of advances over commissions earned to the employer.

The trial court erroneously interpreted the contract of employment in this case as being comparable to the contract of employment in *Badger* when, in fact, the contracts are clearly distinguishable as demonstrated herein.

Judgment reversed and cause remanded for a new trial.

MR. JUSTICE KELLEY dissenting.

MR. CHIEF JUSTICE PRINGLE and MR. JUSTICE ERICKSON not participating.

MR. JUSTICE KELLEY dissenting:

I respectfully dissent. The contract here is substan-

tially the same as the one set forth in detail in *Badger v. Nu-Tone,* 162 Colo. 216, 425 P.2d 698. We there held that where a contract of employment provides that advances to the employee are to be charged to and deducted from the commissions agreed upon as the same may accrue, the employer, in the absence of an express or·implied promise to repay any excess of advances over commissions earned, cannot recover such excess from the employee.

. It is true, as the majority pointed out, that the court went beyond the four corners of the instruments in determining what the parties intended. That case was presented to us in a different posture. The trial court approached its decision from an erroneous position as to the applicable law. Consequently, in order to attempt to convince the court of the merits of his position, Badger was compelled to go into the surrounding circumstances.

To illustrate the substantial similarity between the two contracts, the specific provision relating to advances is set forth:

"* * * Any sum so advanced against anticipated commissions, which proves to be in excess of the commissions actually earned shall be an obligation of the second party to the first party and shall in any event become due and payable within ninety (90) days from the date of the advancement *and shall remain a debt of second party until paid in full. If collection is required at any time, second party shall pay the reasonable cost thereof including attorney's fees.* All commissions shall be due and payable and all obligations of the second party under the contract shall be due and payable at the office of the first party in Denver, Colorado."

The *italicized* language was not present in *Badger.* The additional language was not an effort to overcome the *Badger* decision, the contract having been entered into *prior* to *Badger.*

My disagreement with the majority results from my belief that the additional language does not constitute

an express or implied promise to repay any excess of advances over commissions earned, except from future commissions; that, at best, the language is ambiguous. This being true, it follows that the language was subject to construction by the trial judge as the trier of the facts. *Skinner v. Davidson,* 142 Colo. 423, 351 P.2d 872.

After Nu-Tone presented its evidence, Markham moved for dismissal on the ground that Nu-Tone, upon the facts and the law, had shown no right to relief. C.R.C.P. 41 (b) (1).

The question on review is not whether the plaintiffs made a prima facie case, but whether a judgment in favor of the defendant was justified on the plaintiff's evidence. If reasonable men could differ in the inferences and conclusions to be drawn from the evidence as it stood at the close of the plaintiff's case, then we cannot interfere with the findings and conclusions of the trial court. *Teodonno v. Bachman,* 158 Colo. 1, 404 P.2d 284.

The *italicized* language, "and shall remain a debt of second party until paid in full," is talking about the same *debt* which we said in *Badger* had to be paid out of commissions earned or the reserve account. The only effect the change had as the trial judge construed the contract, was to continue the liability to repay the excesses out of commissions beyond ninety days from the date of the advances.

Even if the majority feels that such construction is erroneous, it seems clear to me that the language is sufficiently ambiguous to call into play the trial court's fact finding responsibility.