James A. CAMPBELL, and Vitelia M. Campbell, a/k/a Vicki M. Campbell, Plaintiffs-Appellants,

v.

COMMERCIAL CREDIT PLAN, INCORPORATED, d/b/a Control Data Business Center, Defendant-Appellee.

No. 82CA0872.

Colorado Court of Appeals, Div. I.

Sept. 8, 1983.

**814**

Abelman & Abelman, Robert C. Abelman, Denver, for plaintiffs-appellants.

Bowman, Wright & Gower, Larry M. Snyder, Robert D. Gower, Denver, for defendant-appellee.

PIERCE, Judge.

In an action arising under the Uniform Consumer Credit Code, § 5–1–101 et seq., C.R.S.1973, (UCCC) plaintiffs, James and Vitelia Campbell (Campbells), appeal from a judgment of dismissal entered against them at the conclusion of a trial to the court. We affirm.

The Campbells agreed to serve as cosigners and encumbered their homes as collateral for a note executed by her brother. Thirteen months later, the brother became delinquent in his payments, and the Campbells attempted to cancel their obligation on the note exercising a right of rescission pursuant to § 5–5–204(1), C.R.S.1973 (1982 Cum.Supp.), which provides that such right exists for three days after the delivery of disclosure documents.

Defendant refused to rescind, and the Campbells brought this action to compel rescission, to cancel of record the deeds of trust, and to quiet title to the property in them. They argue that they retained the right to rescind because disclosure documents had never been delivered.

At the close of the Campbells' case, the court found that the necessary disclosure documents had been provided to the Campbells at the loan closing, and concluded that plaintiffs retained a right to rescind only until the funds were disbursed three days after the closing. Therefore, it granted defendant's "motion for directed verdict."

Campbells contend that the trial court erred in "directing a verdict" because in so doing it resolved certain disputed facts against them. They further contend that the court erred in finding that the necessary disclosure documents were delivered to them at the closing. Their contentions lack merit.

When the court is the trier of fact, a motion denominated a "motion for directed verdict" is actually a motion to dismiss pursuant to C.R.C.P. 41(b), *see First National Bank v. Groussman*, 29 Colo.App. 215, 483 P.2d 398 (1971). In ruling on such a motion the standard is not whether the plaintiff established a *prima facie* case, but whether judgment in favor of defendant is justified on the evidence presented. *Teodonno v. Bachman*, 158 Colo. 1, 404 P.2d 284 (1965).

Here, it was undisputed that Campbells by their signatures acknowledged receipt of notice of their right to rescind. The UCCC provides that this written acknowledgment creates a rebuttable presumption that Campbells received the disclosure documents. Section 5–5–204(3), C.R.S.1973. The evidence tending to rebut the presumption of delivery was inconsistent and controverted. Therefore, the trial court's findings are binding on review. *Teodonno v. Bachmann, supra.*

Judgment affirmed.

BERMAN and METZGER, JJ., concur.