**Patricia GAPTER, Plaintiff-Appellant,**

v.

**Myron A. KOCJANCIC, Defendant-Appellee.**

**No. 83CA0209.**

Colorado Court of Appeals, Div. I.

April 4, 1985.

Rehearing Denied May 2, 1985.

Certiorari Denied Aug. 19, 1985.

Williams, Trine, Greenstein & Griffith, P.C., Wilfred R. Mann, Boulder, for plaintiff-appellant.

E. Alan Hampson, Golden, for defendant-appellee.

PIERCE, Judge.

In an action seeking recovery of amounts owing on a promissory note to plaintiff, Patricia Gapter, she appeals from a judg-

ment of dismissal entered against her at the conclusion of a trial to the court. We affirm.

Plaintiff and her deceased husband sold their business to defendant, Myron Kocjancic, who executed a promissory note secured by assets of the business. Approximately two years later, defendant rescinded the transaction and returned the business assets, including equipment used as collateral, to plaintiff. Plaintiff sold the collateral without notifying defendant as to the sale and then sued for a deficiency judgment on the promissory note. At the close of plaintiff's case, on defendant's motion, the court found that the plaintiff had not met her burden of proof as to entitlement to a deficiency and therefore dismissed her claim.

Defendant moved for a directed verdict; however, when the court is the trier of fact, such a motion is actually a motion to dismiss pursuant to C.R.C.P. 41(b). *Campbell v. Commercial Credit Plan, Inc.,* 670 P.2d 813 (Colo.App.1983). In ruling on such a motion, the standard is not whether the plaintiff established a *prima facie* case, but whether judgment in favor of defendant is justified on the evidence presented. *Teodonno v. Bachman,* 158 Colo. 1, 404 P.2d 284 (1965). If reasonable persons could differ in the inferences and conclusions to be drawn from the evidence as it stood at the close of plaintiff's case, then we cannot interfere with the findings and conclusions of the trial court. *Teodonno, supra.*

This secured transaction is governed by the Uniform Commercial Code, § 4-9-501, et seq., C.R.S., as agreed to by the parties in their security agreement. In addition, there is no evidence that the duties of the secured party were waived or varied. Thus, when plaintiff decided to sell any or all of the collateral, she was governed by the provisions and requirements of § 4-9-504(3), C.R.S. (1984 Cum.Supp.), which required that reasonable notification of the sale be sent to the debtor. No such notice was given to defendant, nor is there any evidence that defendant's right to notification was in any way renounced or modified.

Since there was no notice prior to sale of the collateral, it is rebuttably presumed that the value of the collateral sold was equal to the balance owing on the note. *Community Management Ass'n of Colorado Springs, Inc. v. Tousley,* 32 Colo.App. 33, 505 P.2d 1314 (1973). In order to rebut the presumption, plaintiff had the burden of proving, by evidence other than amounts received from the sales, the market value of the collateral and that, after application of that amount, there was a balance still owing on the note. *United Bank of Denver v. Reed,* 635 P.2d 922 (Colo.App.1981). In weighing all the evidence, the trial court found that plaintiff had not met her burden of proof in rebutting the presumption, and therefore, it concluded that the value of the property returned by defendant to plaintiff was equal to the amount of the outstanding debt.

Here, the court's findings are based on evidence and support the judgment. *Sedalia Land Co. v. Robinson Brick and Tile Co.,* 28 Colo.App. 550, 475 P.2d 351 (1970); *Teodonno, supra.* The trial court's judgment dismissing plaintiff's claim is therefore affirmed.

SMITH and BABCOCK, JJ., concur.