**The PEOPLE of the State of Colorado, Appellee,**

**In the Matter of the Petition of K.M.K. and L.H.K. for the adoption of a Child,**

**and Concerning**

**Joan S. Brett, Appellant.**

**No. 88CA1125.**

Colorado Court of Appeals, Div. II.

June 29, 1989.

Duane Woodard, Atty. Gen., Charles B. Howe, Chief Deputy Atty. Gen., Richard H. Forman, Sol. Gen., and Carol Mullins, Asst. Atty. Gen., Denver, for appellee.

Fredericks & Pelcyger, Robert J. Golten, Boulder, for appellant.

METZGER, Judge.

In this proceeding concerning a designated adoption, Joan S. Brett, counsel for K.M.K. and L.H.K., appeals the trial court judgment reducing her attorney fees. We affirm.

K.M.K. and L.H.K. hired appellant to assist in an agency-to-agency designated adoption. The fee arrangement provided that she would be paid $140 per hour for her time and $60 per hour for paralegal time. Since appellant had no experience with designated adoptions, she consulted with an attorney familiar with those proceedings to obtain an estimate of the probable total charge. Based upon this information, she advised her clients that her fees would total approximately $2,000, and they paid her that amount as a retainer. They instructed appellant to do "whatever it took" to protect the adoption from later uncertainty or challenge.

Pursuant to § 19–5–208(4), C.R.S. (1988 Cum.Supp.), appellant filed a statement of her fees totalling $4,933.43. The trial court then issued an order requiring the adopting parents, the adoption agency, and appellant to appear "to show why $4,933.43 in attorney fees is being charged in this adoption proceeding." After the hearing, the trial court found $4,933.43 to be unreasonable and excessive and reduced appellant's fees to $2,000 plus costs. This appeal followed.

### I.

Appellant initially contends that the trial court erred in reducing her fee because it

lacked statutory authority to abrogate an attorney-client fee contract. We find no error.

■ Private parties may not by agreement or rule render ineffective rules and standards provided by statute. *Gonzales v. Industrial Commission,* 740 P.2d 999 (Colo.1987).

Section 19–5–213(1), C.R.S. (1988 Cum. Supp.) of the Colorado Children's Code provides:

"(a) No person shall offer, give, charge, or receive any money or other consideration or thing of value in connection with the relinquishment and adoption, *except attorney fees and such other charges and fees as may be approved by the court.*

(b) No person, other than an adoption exchange whose membership includes county departments and child placement agencies, a licensed child placement agency, or a county department, shall offer, give, charge, or receive any money or other consideration or thing of value in connection with locating or identifying for purposes of adoption any child, natural parent, expectant natural parent, or prospective adoptive parent; *except that physicians and attorneys may charge reasonable fees for professional services customarily performed by such persons.*" (emphasis added)

■ The language of this statute is plain and its meaning is clear; thus, it must be applied as written. *Heagney v. Schneider,* 677 P.2d 446 (Colo.App.1984). The only charges and fees permissible in a relinquishment and adoption proceeding are attorney fees and such other charges and fees *as may be approved* by the court. Moreover, the attorney fees must be reasonable for services customarily performed by such persons.

These provisions comport with the legislative purpose of the Children's Code to serve the welfare of the child and the best interests of society. *See* § 19–1–102, C.R.S. (1988 Cum.Supp.). It is in society's best interest to allow for adoption so that the child has the advantages of a family relationship and is not dependent on socie-ty; consequently, in order to facilitate adoption, the costs cannot be prohibitive. Hence, the trial court acted within its statutory authority in reducing appellant's fees.

## II.

Next, appellant contends that, even if the trial court had statutory authority to reduce her fees, its procedure in doing so constituted a denial of due process. Again, we disagree.

■ Due process is a flexible standard which calls for such procedural protections as the particular situation demands. *Sears, Roebuck & Co. v. Baca,* 682 P.2d 11 (Colo.1984). The essence of due process is basic fairness in procedure. *deKoevend v. Board of Education,* 688 P.2d 219 (Colo. 1984). At a minimum, procedural due process requires notice and an opportunity to be heard. *People in Interest of D.G.,* 733 P.2d 1199 (Colo.1987).

■ Notice comports with requirements of due process when it is reasonably calculated, under all circumstances, to apprise interested parties of a pending action and affords them an opportunity to present their objections. *Ault v. Department of Revenue,* 697 P.2d 24 (Colo.1985).

■ Here, appellant was given notice that the court would conduct a hearing regarding the attorney fees, and that she would be required to show cause "why $4,933.43, in attorney's fees is being charged in this adoption proceeding." She filed an offer of proof of attorney's fees including her time sheets for work done in this case. As well, she, her clients, and an agency social worker testified at the hearing. Since appellant received more than a month's notice of the hearing and was provided ample opportunity to present evidence and testimony, we conclude that no violation of her due process rights occurred.

## III.

Appellant finally contends that the trial court's findings are arbitrary, capricious, and clearly erroneous. We disagree.

When the trial court sits as the trier of fact, its findings will not be disturbed on appeal if supported by competent evidence. *Page v. Clark*, 197 Colo. 306, 592 P.2d 792 (1979).

Here, the record contains conflicting testimony regarding attorney fees. However, the trial court found that much of appellant's work was duplicative of that of the agencies, and appellant conceded that fact. The record shows that the usual fee for an adoption of this type is less than $1,000. Since the record provides a sufficient factual basis for the trial court's findings, we will not disturb them. *Page v. Clark, supra.*

In light of our resolution of these issues, it is unnecessary to address appellant's other contentions.

The judgment is affirmed.

STERNBERG and FISCHBACH, JJ., concur.