DSCO, INC., a Colorado corporation, Plaintiff–Appellee,

v.

Thomas W. WARREN, Defendant–Appellant.

No. 90CA1432.

Colorado Court of Appeals, Div. III.

Aug. 29, 1991.

Rehearing Denied Oct. 24, 1991.

Certiorari Denied April 20, 1992.

Harding & Ogborn, Richard L. Thorgren, Denver, for plaintiff-appellee.

Michael P. Dugan, Greeley, for defendant-appellant.

Opinion by Judge TURSI.

In this guaranty action, defendant, Thomas W. Warren, appeals the judgment entered against him by the trial court for breach of guaranty of a lease agreement. We affirm.

Plaintiff, DSCO, Inc., is engaged in the business of purchasing tractors and trailers to lease to interstate motor carriers. In 1984, DSCO entered into two lease agreements with Steinbecker Brothers, Inc. (SBI), a motor carrier of which defendant was an officer and shareholder.

Pursuant to the terms of the first agreement in May 1989, DSCO leased 20 tractor-trailers to SBI for a period of 60 months. The second agreement entered in December 1989 provided for the lease of an additional ten tractor-trailers to SBI for the same period. It is undisputed that defendant executed personal guarantees for performance of both leases and that SBI subsequently defaulted on both leases by failing to meet its lease payments.

By September 1987, SBI had encountered considerable financial difficulties. At that time, John Shupe, the president of DSCO, agreed to purchase one-third of SBI's stock and lent SBI, over the course of the following months, an amount in excess of $600,-000 in order to meet its obligations. Shupe additionally arranged for DSCO to borrow $1.5 million so that DSCO, in turn, could lend the money to SBI. In consideration for this loan, SBI assigned its accounts receivables to DSCO.

Despite these efforts to infuse SBI with sufficient funds to operate, SBI was unable to meet its obligations, including its lease payments to DSCO for the tractor-trailers. Therefore, DSCO terminated the leases and repossessed the property.

DSCO successfully re-leased the 10 trailers which were the subject of the December 1984 lease through the end of SBI's lease term. However, it was not able to recoup the full amount of lease payments to which it would have been entitled from SBI for these particular trailers.

DSCO was also able to lease the 25 trailers encompassed by the terms of the May 1984 lease to a third party for a brief period of time. However, when that lease period expired, DSCO was unsuccessful in its attempt to re-lease the trailers for the remainder of SBI's lease term. Consequently, because DSCO lacked receipt of rental proceeds to apply to its payment obligations to the seller, it sold the trucks.

Eventually, SBI was forced into bankruptcy proceedings. This action was commenced against defendant as guarantor of the two leases.

I.

Defendant first contends that the trial court committed error by finding that the two leases are true leases, rather than secured transactions which are governed by the provisions of the Uniform Commercial Code. We disagree.

■ The characterization of an agreement as a lease does not automatically exempt it from the provisions of the Article 9 of the U.C.C. The controlling factor determining whether the transaction is a lease or a sale creating a security interest is the mutual intent of the parties, which must be gleaned from the facts of each case. *Colorado Leasing Corp. v. Borquez*, 738 P.2d 377 (Colo.App.1986).

■ When making this determination, a court must apply the facts of each case to certain enumerated factors which, when considered as a whole, indicate the nature of the transaction. *H.M.O. Systems, Inc. v. Choicecare Health Services, Inc.*, 665 P.2d 635 (Colo.App.1983).

Because the parties' intent in this case must be gleaned from documents and conflicting testimony, we will not disturb the trial court's finding unless it is clearly erroneous and not supported by the record. *Harlan C. Stientjes, P.C. v. Olde–Cumberlin Auctioneers, Inc.*, 754 P.2d 1384 (Colo. App.1988).

■ Here, the May lease does not grant lessee the option to purchase the equipment at the expiration of the lease term. Moreover, it explicitly vests title to the property in lessor at all times. These factors distinguish the lease from a transaction in which a security interest is created. *See H.M.O. Systems, Inc. v. Choicecare Health Services, Inc., supra.·*

And, while the December agreement grants lessee a right of first refusal to lease or purchase the tractors at the end of the lease term under certain circumstances, lessor nevertheless retains the right to sell the property to third parties at auction. This mechanism for the sale of trailers at a fair market price divests the transaction of the earmarks of a scheme designed to transfer equity to the lessee. Therefore, we conclude that this agreement is also a true lease. *See In re Mesa Refining, Inc.,* 65 B.R. 724 (D.Colo.1986).

Although the agreements do contain certain attributes of an installment sales contract, the foregoing criteria, when viewed with the testimony of the parties, supports the trial court's determination that the agreements were intended to be true leases. *See Lease Finance, Inc. v. Burger,* 40 Colo.App. 107, 575 P.2d 857 (1977). Consequently, we will not disturb the trial court's conclusion that the agreements were not subject to the provisions and requirements of the U.C.C.

## II.

Defendant next contends that, because DSCO's sale of the tractors does not constitute sufficient evidence of their fair market value, the trial court improperly denied his motion to dismiss at the conclusion of plaintiff's case. Again, we disagree.

■ When ruling on a motion pursuant to C.R.C.P. 41(b), the court must determine whether judgment in favor of defendant is justified on the evidence presented. *Teodonno v. Bachman,* 158 Colo. 1, 404 P.2d 284 (1965); *Campbell v. Commercial Credit Plan, Inc.,* 670 P.2d 813 (Colo.App. 1983). Its ruling will not be disturbed if reasonable persons could differ in the inferences to be drawn from the evidence as it stood at the close of plaintiff's case. *Teodonno v. Bachman, supra.*

■ Here, the trial court weighed the evidence and concluded that the leases could not be categorized as security transactions subject to Article 9 of the U.C.C. as a matter of law·and that SBI undisputedly breached the leases. Therefore, defendant was not entitled to assert presumptions attaching to transactions governed by Article 9 which, in order to rebut, require additional proof of the property's fair market value. *See* § 4-9-504(3), C.R.S. (1990 Cum. Supp.); *United Bank of Denver v. Reed,* 635 P.2d 922 (Colo.App.1981).

Under the circumstances, the trial court's finding that SBI was not entitled to dismissal was based on the evidence and, hence, was correct. *See Gapter v. Kocjancic,* 703 P.2d 660 (Colo.App.1985).

## III.

At trial, defendant attempted to establish that plaintiff's principal, John Shupe, transferred assets of SBI to plaintiff without properly crediting SBI for payment of debt. Proof of this theory would have required plaintiff to demonstrate that the value of the transferred property was less than the value of SBI's debt owing to plaintiff. *See B & K Distributing, Inc. v. Drake Building Corp.,* 654 P.2d 324 (Colo.App.1982); *John Boyle & Co. v. Colorado Patio & Awning Co., Inc.,* 654 P.2d 335 (Colo.App. 1982).

The trial court rejected this theory after weighing the evidence. Defendant nevertheless contends that the trial court erred by failing to impose the burden of proving the value of the assets upon DSCO. We disagree.

Because a review of the record discloses ample evidence in support of the trial court's rejection of the plundering theory, we will not disturb this finding upon review. *Johnson v. Smith,* 675 P.2d 307 (Colo.1984); *People in Interest of K.M.K.,* 780 P.2d 43 (Colo.App.1989). And, since, in light of this finding plaintiff was not required to meet the burden of valuing as-

sets, the trial court properly refrained from mandating DSCO to present such proof. *See B & K Distributing, Inc. v. Drake Building Corp., supra.*

## IV.

Defendant also contends that the trial court erroneously excluded a document from evidence. We disagree.

■ During trial, defendant offered a document into evidence which allegedly contained damages calculations differing from the calculations offered by plaintiff at trial. The trial court overruled plaintiff's relevancy objection on the condition that defendant establish a proper foundation for the document. Although defendant subsequently asked some foundational questions, he did not renew his offer to introduce the exhibit into evidence.

■ Error will not lie in circumstances in which the party neglects to renew its offer to introduce the exhibit into evidence after laying its foundation. *Tritch v. Perry*, 48 Colo. 339, 108 P. 981 (1910).

## V.

Defendant next asserts that the trial court awarded plaintiff excessive damages. We disagree.

■ In a breach of contract action, the measure of damages is the "benefit of the bargain," *General Insurance Co. v. Colorado Springs*, 638 P.2d 752 (Colo.1981), including consequential losses which are the natural, probable, and reasonably foreseeable consequence of a party's failure to perform his contract. *Olson Plumbing & Heating, Inc. v. Douglas Jardine, Inc.*, 626 P.2d 750 (Colo.App.1981).

■ A party's establishment of these or other allowable damages resulting from a breached contract places the burden upon defendant to produce evidence on which any reduction of damages is to be predicated. *General Insurance Co. v. Colorado Springs, supra.*

Here, when awarding damages for the May 1984 lease, the trial court permitted plaintiff to recover the residual value of the trailers which it had to sell before the expiration of SBI's lease term. This recovery was based upon plaintiff's loss of all equity it had accumulated and would have retained had the lease been performed.

Our review of the record establishes that SBI requested DSCO to purchase the trailers for the specific purpose of leasing them to SBI for a 5–year term. Plaintiff did not purchase the equipment until negotiating the lease payment schedule and term with SBI, and its monthly obligation to the seller was approximately equivalent to SBI's monthly obligation to plaintiff.

Moreover, an examination of SBI's lease discloses that DSCO was to take title to the trailers at the term's expiration, and that, under certain circumstances upon default, lessor could recover an amount equal to the fair market value of the property as liquidated damages. Finally, defendant admitted that the trailers would be worth the residual value assessed against him at the end of SBI's lease term.

In contrast, defendant failed to introduce evidence sufficient to rebut plaintiff's entitlement to these damages.

■ The determination of damages is within the sole province and sound discretion of the trier of fact. *Wilson & Co. v. Walsenburg Sand & Gravel Co.*, 779 P.2d 1386 (Colo.App.1989). Under these circumstances, the evidence substantially supports the trial court's conclusion that this loss was the natural, probable, and reasonably foreseeable consequence of SBI's breach. Accordingly, we affirm the award of damages. *See Page v. Clark*, 197 Colo. 306, 592 P.2d 792 (1979).

Defendant's remaining contentions regarding excessive damages are without merit.

## VI.

We additionally disagree with defendant's contention that the trial court abused its discretion by failing to apply certain SBI payments as credits against defendant's lease obligation. The record fails to support this claim, and defendant

failed to produce competent supporting evidence at trial which would have reduced the damage award. Therefore, we affirm the trial court's award. *See Page v. Clark, supra.*

Defendant's request for attorney fees on appeal is denied.

The judgment is affirmed.

RULAND and DUBOFSKY, JJ., concur.