Edward G. SMITH and James E. Pitschke, Plaintiffs–Appellees,

v.

Lillian C. WEINDROP, Defendant–Appellant.

No. 91CA0498.

Colorado Court of Appeals, Div. I.

March 26, 1992.

Rehearing Denied June 11, 1992.

Van Horne, Vogt, Noall & Hodges, P.C., Richard M. Hodges, Denver, for plaintiffs-appellees.

Lutz & Berkowitz, P.C., Martin Zerobnick, William B. Stanton, Denver, for defendant-appellant.

Opinion by Judge REED.

Defendant, Lillian C. Weindrop, appeals from a judgment entered in favor of plaintiffs, Edward G. Smith and James Pitschke, in their suit to collect a deficiency upon a default under the terms of two promissory notes and a deed of trust. We affirm in part, reverse in part, and remand with directions.

I.

Defendant's first contention is that the trial court erred in denying her motion for judgment of dismissal after the close of all the evidence. The motion was based on the assertion that plaintiffs had failed to establish the amount of the unpaid balance due on the promissory notes. We disagree that evidence concerning the unpaid amount is deficient.

Under C.R.C.P. 41(b), in a non-jury trial, after the plaintiff has completed the presentation of evidence, or at the close of all the evidence, any party may move for dismissal of the action on the ground that plaintiff has shown no right to relief. *See Campbell v. Commercial Credit Plan, Inc.*, 670 P.2d 813 (Colo.App.1983). The standard for the trial court to follow in ruling on such a motion is whether, in light of all the evidence, a judgment for defendant should be entered. *See Rowe v. Bowers*, 160 Colo. 379, 417 P.2d 503 (1966); *American National Bank v. First National Bank*, 28 Colo.App. 486, 476 P.2d 304 (1970).

The trial court is afforded wide discretion in determining whether a motion for dismissal under C.R.C.P. 41(b) should be granted. Its ruling in this regard will not be disturbed on appeal in the absence of a showing that the findings and conclusions of the trial court are so manifestly against the weight of evidence as to compel a contrary result. *Rubens v. Pember*, 170 Colo. 182, 460 P.2d 803 (1969).

To make out a prima facie case in a suit for collection of promissory notes, it is sufficient for plaintiff to produce the notes. *Burenheide v. Wall*, 131 Colo. 371, 281 P.2d 1000 (1955).

■ A promissory note is self-authenticating and its production without endorsement of payment constitutes prima facie evidence of non-payment in some amount. CRE 902(9); *Reed v. First National Bank,* 23 Colo. 380, 48 P. 507 (1897). Also, when the signature on the notes is admitted, or its effectiveness is not put at issue, production of the notes, with a showing of their authenticity, entitles the holder to recover unless the defendant establishes a defense. Section 4–3–307(2), C.R.S.

■ At trial here, plaintiff introduced two promissory notes which were secured by a deed of trust, as well as the deed of trust itself.

On the back of the notes were the official stamp and notation of the public trustee stating the amount of indebtedness owed, the amount of the bid at foreclosure, and the deficiency balance remaining due. Defendant admitted executing the two notes in favor of plaintiffs and did not deny liability thereon, but simply disputed the amount which the plaintiff alleged was owed.

Also admitted in evidence was the public trustee's certificate of purchase which likewise indicated the amount bid by plaintiffs at foreclosure and the remainder left over as a deficiency. No objection was raised to the admission of these documents into evidence.

Under these circumstances, the notes themselves, in addition to the foreclosure documents, constituted sufficient competent evidence to establish the amount of defendant's liability. Therefore, since the documentary evidence was properly admitted, the trial court did not abuse its discretion in denying the defendant's motion for judgment of dismissal.

We find further that the judgment of the trial court was supported by the manifest weight of the evidence.

## II.

■ Defendant also argues that the amount of her liability should have been reduced pursuant to § 13–50–102 and § 13–50–103, C.R.S. (1987 Repl.Vol. 6A) by virtue of a release executed by plaintiff in favor of other co-obligors on the note. We agree.

Section 13–50–102 provides that a release of one or more joint debtors "shall be taken and held to be a payment in the indebtedness of the full proportionate share of the debtor so released." Section 13–50–103 provides for reduction of an unreleased joint debtor's share of the obligation unless she is the principal debtor and the party released was her surety.

■ Colorado is thus committed to the rule that a release of one or more joint debtors extinguishes the obligation of any of the remaining joint debtors to pay so much of the debt as was deemed paid by the released debtor. That is to say, the release does not affect the liability of the remaining joint debtor, except as to the balance of the obligation.

Here, the release agreement between plaintiffs and the Wilkersons operated to discharge the latter against any further liability concerning the sale of the business property. It thus established payment of the indebtedness to the extent of the Wilkersons' share thereof.

In light of the above statutes, the release resulted in an extinguishment of one-half the deficiency by operation of law, and the judgment as it now stands must be modified to that extent.

## III.

We have reviewed defendant's remaining contentions and find them to be without merit.

The judgment is affirmed as to the determination that defendant is obligated to plaintiffs on the promissory note. The judgment is reversed as to the amount thereof, and the cause is remanded to the trial court for entry of judgment in favor of plaintiffs and against defendant in an amount equal to one-half of the deficiency, together with interest, costs, and attorney fees and with directions further that the judgment in favor of defendant and against the third-party defendants should likewise be reduced to an equivalent amount, to-

gether with interest, costs, and attorney fees.

PIERCE and TURSI, JJ., concur.